543 A.2d 548

**COMMONWEALTH of Pennsylvania**

**v.**

**Samuel JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 21, 1987.

Filed May 26, 1988.

Reargument Denied July 11, 1988.

Paul S. Herzberg, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before McEWEN, OLSZEWSKI and CERCONE, JJ.

CERCONE, Judge:

This is a consolidated appeal by appellant, Samuel Jones, from judgments of sentence for robbing taxicabs. After

two trials by jury, appellant filed post-verdict motions which were denied by the court below. He was sentenced to consecutive terms of five (5) to ten (10) years incarceration on three of the robbery offenses in accordance with Section 9713 of the Mandatory Minimum Sentencing Act, 42 Pa.C. S.A. § 9713, (Act), which concerns robberies committed on or near public transportation facilities and a one (1) to two (2) year consecutive sentence for conspiracy. Appellant's motion to modify sentence was denied by the court. This appeal followed.

Appellant seeks this court's review of the following issues: whether the lower court erred by (1) demonstrating to the jury, during its charge, an example of conduct from which it could infer intent of the actor to place the victim in fear of immediate serious bodily injury; (2) denying appellant's *voir dire* questions; (3) allowing alleged hearsay testimony of a Commonwealth witness; (4) allowing the prosecutor to make prejudicial statements; and (5) finding Section 9713 of the Act not to be in violation of the Equal Protection Clause of the Fourteenth Amendment.

■■■ Preliminarily, we note that appellant has waived the first two issues. Appellant complains that the judge prejudiced the jury during his charge by using his fingers to simulate a gun and pointing them at his head as an example of conduct from which they could infer intent to place the victim in fear of immediate serious bodily injury. At the conclusion of the court's charge to the jury defense counsel stated that he thought the jury would focus on the court's example. He therefore requested that the court also emphasize the fact that the victim was not injured, but did not specifically object to the courts' simulation. Counsel's request was not a substitute for a specific objection. *Cf. Commonwealth v. Witherspoon*, 481 Pa. 321, 392 A.2d 1313, n. 4 (1978). Likewise, appellant's allegation that the court rejected his proposed *voir dire* questions is also waived. Perusal of the record failed to uncover a statement of the proposed questions; they are only contained in the argument portion of appellant's brief. This court has

long held that it cannot consider anything which is not part of the record in the case. *See McAllonis v. Pryor,* 301 Pa.Super. 473, 448 A.2d 5 (1982). Information located only in a party's brief is not a part of the record. *See* Pa.R.A.P. 1921.

■ Appellant's third issue raises the question whether the court erred in allowing the hearsay testimony of the victim, Mr. Deans, a taxi-cab driver, to be admitted at trial. Specifically, appellant, who robbed Mr. Deans, contends that Mr. Deans could not identify him at trial as the person who robbed him so that any statements by Deans regarding what appellant said to him were hearsay statements because they were ostensibly made by a third person not present in court. Appellant's argument is invalid because the testimony to which appellant objects consisted of Mr. Deans' version of what the passenger (robber) related to him regarding the passenger's destination. When a witness testifies that someone said something to him and the purpose is not to show that what was said was true but that the statement was made, the testimony is not hearsay but instead a "verbal act". *Cf. Commonwealth v. Lawson,* 315 Pa.Super. 84, 461 A.2d 807 (1983). *See also McCormick on Evidence* § 246 at 548 (2d ed. 1972). In this case, the statement of the robber was proof of the fact that Mr. Deans was given instructions by the occupant concerning destination and the trial court did not err in allowing the proffered testimony of Mr. Deans to be admitted into evidence.

■ Appellant next asserts that the prosecutor committed prosecutorial misconduct during closing argument to the jury by making prejudicial remarks. The statement to which appellant objects was the prosecutor's reference to the location of the crime being within running distance of appellant's house. Appellant has waived this issue for failure to object at the time the statement was made. *See Commonwealth v. Snyder,* 427 Pa. 83, 233 A.2d 530 (1967). Appellant also challenges the prosecutor's cross-examination of him with questions regarding the distance from the

scene of the crime to appellant's home. Defense counsel timely objected to those questions, thereby preserving their alleged prejudicial effect for our review. We find that the opinion of the court below thoroughly addresses and correctly disposes of appellant's assertion by finding it to have no merit.

█ Appellant's last issue [1] is a challenge to the constitutionality of that section 9713 of the Mandatory Minimum Sentencing Act which imposes a minimum sentence for offenses committed on or near public transportation.[2] Act of March 8, 1982, P.L. 169, No. 54, § 3, 42 Pa.C.S.A. § 9713. Appellant maintains as the basis for his claim that the Act is violative of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution [3] in

1. After his case was assigned to this panel, an order issued requiring appellant to file a supplemental brief augmenting his challenge to the constitutionality of 42 Pa.C.S.A. § 9713. As part of his supplemental brief appellant also included the argument that his sentence was excessive and imposed cruel and unusual punishment. Appellant raised that issue in his motion to modify sentence but failed to include it either in the statement of the questions involved or the argument portion of his original brief. Thus, the issue is waived. *See* Pa.R.A.P. Rule 2116(a), 42 Pa.C.S.A. (no point will be considered which is not set forth in the statement of questions involved or suggested thereby). This court's order regarding appellant's supplemental brief was specific as to the issue to be argued. Therefore, we decline to address an argument which appellant waived and is now trying to resurrect through its inclusion in his supplemental brief.

2. 42 Pa.C.S.A. § 9713 provides:
   (a) Mandatory sentence—Any person who is convicted in any court of this Commonwealth of ... robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), ... shall be sentenced to a minimum sentence of at least five years of total confinement if the crime occurs in or near public transportation as this title or other statute to the contrary.
   (b) Site of commission of crime—For the purposes of subsection (a), a crime shall be deemed to have occurred in or near public transportation if it is committed in whole or in part in a vehicle, station, terminal, waiting area or other facility used by a person, firm, corporation, municipality, municipal authority in rendering passenger transportation services to the public or a segment of the public or if it is committed in whole or in part on steps, passageways or other areas leading to or from or in the immediate vicinity of such a public transportation vehicle, station, terminal, waiting area or other facility.

3. U.S.Const. art. XIV, § 1.

that it singles out those who commit crimes on or near public transportation for a mandatory minimum sentence and this distinction is not founded on a "compelling" state interest.

Lawfully-enacted legislation is presumed to be constitutional. An Act of Assembly will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. The burden rests upon the party seeking to upset legislative action on constitutional grounds. All doubt is to be resolved in favor of sustaining the legislation. *See Singer v. Sheppard,* 464 Pa. 387, 346 A.2d 897 (1975). In consonance with this standard, we disagree with appellant and sustain the constitutionality of Section 9713 of the Mandatory Minimum Sentencing Act on Equal Protection grounds.[4]

When addressing an equal protection challenge, we must initially ascertain the appropriate degree of scrutiny to which the challenged act should be subjected.

> Equal protection analysis recognizes three types of governmental classification, each of which calls for a different standard of scrutiny. The appropriate standard of review is determined by examining the nature of the classification and the rights thereby affected ... where the classification relates to who may exercise a fundamental right or is based on a suspect trait such as race or national origin, strict scrutiny is required. When strict scrutiny is employed, a classification will be invalid unless it is found to be necessary to the achievement of a compelling state interest.
>
> .    .    .    .    .
>
> The second type of case involves a classification which, although not suspect is either sensitive or important but not fundamental. Such a classification must serve an

4. Appellant has not alleged other constitutional grounds in support of his contention that 42 Pa.C.S.A. § 9713 is unconstitutional. Parenthetically, we note that were he to do so, those claims would fail as our court has laid to rest an attack on the constitutionality of section 9713 of the Act on due process grounds. *See Commonwealth v. Sargent,* 349 Pa.Super. 289, 503 A.2d 3 (1986).

important governmental interest and be substantially related to the achievement of that objective.

．　　．　　．　　．　　．

The third type of situation involves classifications which are neither suspect nor sensitive or rights which are neither fundamental nor important. Such classifications will be valid as long as they are rationally related to a legitimate governmental interest.

*Commonwealth v. Bell*, 512 Pa. 334, 344–345, 516 A.2d 1172, 1178 (1986) (citations omitted). In *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985) the court rejected the argument that an equal protection challenge to the Act implicated a fundamental liberty interest that required the highest level of scrutiny and determined that the proper mode of analysis to be applied by courts when sections of the Act are challenged is to determine whether the classification created by that section of the Act bears a rational relationship to a legitimate legislative objective.

Appellant submits that the Fourteenth Amendment guarantees that all persons similarly situated shall be treated alike and where there are distinctions drawn between classifications of people they must be justified by a governmental interest. To support this proposition appellant urges us to apply the "compelling" state interest standard of review to Section 9713 of the Act in order to find that a classification of offenders who commit crimes on or near public transportation is unreasonable. This we decline to do. As stated *infra*, the only types of classifications which must be sustained by the showing of a compelling state interest are suspect classifications such as race or national origin or those which involve fundamental liberties. *Commonwealth v. Wright, supra.* Instantly, the classification of offenders who commit crimes on or near public transportation is neither suspect nor sensitive. The classification in this case does not rest on the basis of race, national origin, gender or economic lines.

It is axiomatic that the legislature has broad discretion to exercise police power to preserve public safety and that it is

the province of the legislature to determine the punishment imposable for criminal conduct. *See Commonwealth v. Bell, supra.*

> The Fourteenth Amendment forbids arbitrary discrimination by States against persons or classes but it permits the Commonwealth, as part of its police power, to create and define a criminal offense through classifications of persons so long as these classifications are reasonable and the legislation bears equally on all in the same class ... Thus a classification will be held valid if there is any conceivable basis upon which it may relate to a legitimate government interest.

*Commonwealth v. Waters,* 334 Pa.Super. 513, 483 A.2d 855 (1984) (citations omitted).

Section 9713 of the Act was designed to promote and protect users and providers of public transportation services. It also was enacted to protect operators of all types of public transportation from criminal acts and to encourage people to become operators of public vehicles. Furthermore, the legislature intended to protect municipal interests in public transportation systems for such systems are often funded by tax revenue or licensed by the state or municipalities. Since public transportation is utilized by the public at large, these people must feel safe and protected while riding or waiting for public vehicles. In order to further these goals, the legislature imposed a more severe punishment upon those who committed crimes on or near public transportation as it is within its province to do. At the time the Act was passed by our Senate it was that legislative body's general intent to eradicate violent crime by eliminating inconsistency and leniency in sentencing. *See Development of Sentencing Guidelines in Minnesota and Pennsylvania,* 29 Vill.Rev. 21 (1983–84); *Commonwealth v. Bell, supra.* Therefore, the state's singling out these offenders who engage in crime on or near public transportation for an enhanced sentence is rationally related to a legitimate state interest.

Appellant next submits that the classification of offenders created by Section 9713 of the Act discriminates between urban and rural areas. This argument is frivolous for appellant fails to explain or support it. The fact that rural areas may provide limited access to public transportation does not invalidate a statute that has multiple purposes and whose imposition of a mandatory minimum sentence is rationally related to accomplishing those purposes.

Lastly, appellant maintains that each robbery he committed was of an unoccupied cab so that the crime was committed against the driver and not passengers. Thus, appellant argues, his crimes were akin to robbing the driver of a privately owned vehicle rather than a conveyance used as public transportation. Appellant's argument assumes that Section 9713 only enhances sentences for crimes against passengers on public vehicles and disregards other purposes of the statute. The protection of drivers of public vehicles is also germane to the statute. A driver alone in a public vehicle is especially vulnerable to criminal acts for he or she is known to be carrying money. This is not necessarily the case with the driver of a private car. The operator of a public vehicle, providing a public service, deserves the protection afforded by Section 9713 of the Act. Hence the state has a rational reason to protect passengers, operators and physical property utilized in providing public transportation. *Id.*

By singling out a person who commits crime on or near public transportation for mandatory sentencing, our legislature has merely addressed itself to a problem requiring remedial action. The deterrence of crime involving the public and public property is a legitimate governmental interest and the imposition of a mandatory minimum sentence bears a rational relationship to that goal. Accordingly, we hold that under the Equal Protection Clause of the Fourteenth Amendment, Section 9713 of the Mandatory Minimum Sentencing Act is not arbitrary but rather rests upon a substantial need to protect those citizens who avail

themselves of public transportation and the operators who provide the service.

For the aforestated reasons appellant's judgment of sentence is affirmed.