636 A.2d 637

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Kenneth PLASS, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1993.

Filed Jan. 4, 1994.

Petition for Allowance of Appeal Granted May 18, 1994.*

* See No. 127 Judicial Administration Docket No. 1.

James R. Gilmore, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellant.

James R. Wilson, Asst. Public Defender, Pittsburgh, for appellee.

Before ROWLEY, President Judge, and McEWEN, CIRILLO, OLSZEWSKI, DEL SOLE, BECK, TAMILIA, KELLY and JOHNSON, JJ.

OLSZEWSKI, Judge.

The question before this Court *en banc* is a narrow one: When a defendant is sentenced for a drug offense involving more than 2.0 but less than 10.0 grams of cocaine, should the enhanced mandatory minimum apply if he was convicted of a prior drug trafficking offense before being sentenced, but after the commission of the principal offense? After carefully reviewing the parties' briefs and arguments, we are convinced that the sentence enhancement applies in this case.

On May 28, 1992, a jury convicted Kenneth Plass of possession and possession with intent to deliver cocaine, an offense he committed on June 13, 1991 ["the second offense"]. Sentencing occurred on the same day as the trial. At sentencing, Plass stipulated that he was convicted of a drug trafficking offense, possession with intent to deliver marijuana ["the first offense"], on December 12, 1991 ["the first conviction"]. The first offense occurred on April 4, 1991. As a result, it is evident that Plass committed the first offense before, but was convicted and sentenced after, he perpetrated the second offense. Furthermore, it is clear that the first conviction was final on the date that Plass was sentenced for the second offense.[1]

The trial court refused the Commonwealth's request to apply the mandatory minimum sentence of two years incarceration and a $10,000 fine under 18 Pa.C.S.A. § 7508(a)(3)(i), reasoning that since the first conviction did not occur before the second offense, an enhancement was improper. The Commonwealth appeals this refusal and asks us to determine whether the trial court erred in failing to consider the marijuana offense a prior conviction for purposes of this recidivist provision.

## I.

Our Crimes Code provides:

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is [cocaine], shall be sentenced to a mandatory term of imprisonment and fine as set forth in this subsection:

(i) when the aggregate weight of the ... substance involved is at least 2.0 grams and less than ten grams; one

---

1. For a clearer picture of the chronology of events, they may be chronicled as follows:
    (1) April 4, 1991—first offense committed
    (2) June 13, 1991—The second offense committed
    (3) December 12, 1991—first conviction and sentencing
    (4) May 28, 1992—second conviction and sentencing.

year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized and the proceeds from the illegal activity; however, *if at the time of sentencing the defendant has been convicted of another drug trafficking offense:* three years in prison and a fine of $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and proceeds from the illegal activity[.]

18 Pa.C.S.A. § 7508(a)(3)(i) (emphasis added). The Commonwealth argues that since "at the time of sentencing" Plass had been "convicted of another drug trafficking offense," the marijuana offense, the trial court was required to impose the enhanced sentence. We agree.

■ Up to this point, no court has discussed the particular interpretation of this statute which concerns us here. We are therefore guided by the Statutory Construction Act, 1 Pa. C.S.A. § 1901 *et seq.*, and must construe the statute in light of its plain language. *Id.*, § 1903. Moreover, "[w]hen determining the meaning of any particular recidivist statute or section, it is the language of that statute or section, and no other, which must be interpreted or applied." *Commonwealth v. Gonzales,* 415 Pa.Super. 564, 574, 609 A.2d 1368, 1373 (1992). Here, the language of § 7508(a)(3)(i) is unambiguous. "If at the time of sentencing, the defendant has been convicted of another drug trafficking offense," the enhancement provisions apply. The legislature has defined "conviction" as it is used in this section:

Previous conviction.—For purposes of this section, it shall be deemed that a defendant has been convicted of another drug trafficking offense when the defendant has been convicted of another offense under section 13(a)(14), (30), or (37) of The Controlled Substance, Drug, Device and Cosmetic Act, or of a similar offense under any statute of any state of the United States, whether or not judgment of sentence has been imposed concerning that offense.

18 Pa.C.S.A. § 7508(a.1). Since the parties do not dispute that the marijuana first offense is "another offense" under the Controlled Substance, Drug, and Device, and Cosmetic Act which would trigger the recidivist provision in § 7508(a)(3)(i),

and that "at the time of sentencing" for the current offense he was convicted of the first offense, we simply fail to see, under a plain reading of the statute, how the enhancement was inapplicable.

Plass argues that since the definitional section of "conviction" does not include a temporal element, the statute is ambiguous regarding when the conviction must have occurred for the enhancement to apply. In the absence of such a provision, Plass maintains that we must interpret the statute consistent with other recidivist statutes which embody the traditional notion that a conviction for a previous offense must have occurred prior to the commission of the second offense before a sentence enhancement may be imposed. *See generally, Commonwealth v. Dickerson,* 533 Pa. 294, 621 A.2d 990 (1993); *Commonwealth v. Beatty,* 411 Pa.Super. 450, 601 A.2d 1253 (1992) (*en banc*), *alloc. granted,* 531 Pa. 644, 612 A.2d 983 (1992); *Commonwealth v. Mourar,* 349 Pa.Super. 583, 504 A.2d 197 (1986) *vacated on other grounds,* 517 Pa. 83, 534 A.2d 1050 (1987). We have no quarrel with this philosophy. Our sedulous review of the relevant caselaw and this particular statute, however, convinces us that the legislature did not adopt the traditional rule when drafting the recidivist provision under scrutiny here.

If one thread can be said to tie the many controversies surrounding this Commonwealth's recidivist statutes, it is from which point a sentencing judge must "look back" to determine whether a previous conviction can be used to enhance an offender's sentence. In *Commonwealth v. Dickerson, supra,* the dispute involved an interpretation of our Commonwealth's general recidivist statute, 42 Pa.C.S.A. § 9714, which covers persons who commit murder, involuntary manslaughter, rape, and other serious felonies. That statute provides for an enhanced sentence when the person has "previously been convicted of a crime of violence" as delineated in subsection (b). 42 Pa.C.S.A. § 9714(a). Subsection (b) defines the temporal element, or "look back" provision, of a "previous conviction" as follows:

(2) The previous conviction occurred *within seven years of the date of the commission of the instant offense,* except that any time during which the offender was incarcerated in any penitentiary, prison, or other place of detention shall not be considered in computing the relevant seven-year period.

*Id.,* § 9714(b)(2) (emphasis added). Dickerson committed two rapes on the same day and was subsequently convicted of both. The question was then whether the enhancement provision should apply, since the Commonwealth contended that the "previous" rape conviction occurred within seven years of the second offense, albeit within seven years *after* the commission of the offense.

Our Supreme Court rejected this interpretation:

The dispute arises because the legislature apparently did not consider the anomaly posed by appellee's criminal behavior. In cases of recidivism, we expect the following sequence of events: first offense, first conviction, first sentencing, second offense, second conviction, second sentencing. In such a situation, the legislature provided that the mandatory minimum sentence would be imposed at the second sentencing if the first conviction occurred within seven years prior to the commission of the second offense. If the first conviction occurred more than seven years before the second offense, the legislature did not consider the criminal sufficiently blameworthy to merit an enhanced minimum sentence. The sequence of events in this case, however, was: first offense, second offense, first conviction, first sentencing, second conviction, second sentencing. We hold that in this sequence, the mandatory minimum sentencing statute does not apply because the first conviction did not occur within seven years prior to the commission of the second offense.

*Id.,* 533 Pa. at 298–299, 621 A.2d at 992. The Supreme Court, in reaching this result, concluded that the legislature adopted the traditional recidivist policy by express language; the Court thus considered the starting point provided by the statute, "the date of the second offense," and "looked back" to

determine whether defendant had previously been conviction for the first offense.

In *Commonwealth v. Beatty, supra,* we interpreted the Motor Vehicle Code's recidivist provision. Beatty, as did Plass here and Dickerson above, committed an offense which was not reduced to conviction before he repeated his criminal conduct. When he was sentenced on the repeat offense, however, the conviction was final. The statute under the Motor Vehicle Code provides for enhancements if a person has "violated" the DUI statute and has "previously been convicted" of another DUI offense. 75 Pa.C.S.A. § 3731(e). The trial court determined that since Beatty had been convicted of the previous offense at the time of sentencing, the enhancement provisions applied.

We held that the "look back" period in the Code's recidivist statute contemplates a "present violation [the date of the second offense] and a prior conviction [the first conviction]." *Beatty, supra,* 411 Pa.Super. at 454, 601 A.2d at 1255 (quoting *Commonwealth v. Kimmel,* 523 Pa. 107, 111, 565 A.2d 426, 428 (1989)). In other words, the legislature anchored the "look back" period by using the terms "violation" and "previous conviction" to determine whether the DUI offender is a recidivist deserving enhanced punishment. *Accord, Commonwealth v. Tobin,* 411 Pa.Super. 460, 601 A.2d 1258 (1992), *aff'd,* 533 Pa. 322, 623 A.2d 814 (1993). By looking back from the time of sentence, rather than the time of the commission of the second offense, the trial court in *Beatty* ignored the legislature's intended starting point and frustrated the express statutory language.

Finally, in *Commonwealth v. Eyster,* 401 Pa.Super. 477, 585 A.2d 1027 (1991), *alloc. denied,* 529 Pa. 646, 602 A.2d 857 (1992), this Court was faced with the question of whether convictions which occur after the commission of a principal offense, but before sentencing on that offense, may be considered for purposes of defining a defendant's prior record score under the sentencing guidelines. The sentencing guidelines applicable in *Eyster* provide that a "prior conviction" for purposes of a prior record score must be consistent with our

legislature's stated purpose behind enhancements under the guidelines:

... The guidelines shall:

\*       \*       \*       \*       \*       \*

(2) specify a range of sentences of increased severity for defendants previously convicted of or adjudicated delinquent for one or more misdemeanor or felony offenses *committed prior to the current offense.*

42 Pa.C.S.A. § 2154 (emphasis added).

Thus, it is abundantly clear that under the guidelines the legislature adopted the traditional recidivist theory "that recidivist legislation attempts to encourage offenders to stay out of trouble and punishes recidivists who refuse to be deterred even after a conviction." *Eyster, supra,* 401 Pa.Super. at 485, 585 A.2d at 1031. The express statutory language allows no other result. *Accord, Dickerson, supra,* 533 Pa. at 300–301, 621 A.2d at 993.

What distinguishes the recidivist statute in this case from those in *Dickerson, Beatty,* and *Eyster,* however, is the legislature's inclusion· of one simple phrase: "[I]f, *at the time of sentencing,* the defendant has committed another drug trafficking offense ..." 18 Pa.C.S.A. § 7508(a)(3)(i). This language could not make it more clear that the relevant "look back" period begins at the time of sentencing. Moreover, if we were to adopt Plass's construction of the term "previous conviction" by including the condition that it occur previous in time to the second offense, we would render superfluous the phrase "at the time of sentencing," as used in the body of the statute. We must, however, construe a statute as to give effect to all of its provisions. 1 Pa.C.S.A. § 1921(a).

Also, as we noted above and in the many cases interpreting recidivist statutes, the traditional policy behind recidivist legislation is to "punish more severely those offenders who have persevered in criminal activity despite the theoretically beneficial effects of penal discipline." *Dickerson, supra,* 533, Pa. at 299, 621 A.2d at 992 (citing *Commonwealth v. Wolfe,* 349 Pa.Super. 415, 503 A.2d 435 (1986), *appeal dismissed,* 517 Pa.

406, 537 A.2d 1370 (1988)). Neither law nor logic, however, requires the legislature to adopt this rationale for every sentence-enhancing statute. *See Commonwealth v. Gonzales, supra* (recidivist statute, providing that any person who has committed a firearms offense who has previously been convicted of murder at any time shall be sentenced to life imprisonment, does not require first conviction to precede second offense). Here, the legislature has expressly utilized the date of sentencing as the "look back" date for purposes of determining whether a sentence enhancement is required. We cannot question the plain words of the statute in an effort to enforce the spirit embodied in traditional recidivist legislation. 1 Pa.C.S.A. § 1921(b).

We must therefore vacate the judgment of sentence as imposed by the trial court and remand this case for imposition of sentence in accord with the sentence enhancement provided by 18 Pa.C.S.A. § 7508(a)(3)(i).

## II.

Plass contends that the enhanced sentencing scheme established by § 7508(a)(3)(i) violates the equal protection clause of the United States Constitution. In explaining this claim, Plass posits a hypothetical in which two offenders commit the same drug trafficking crimes, but because they are sentenced for their crimes in reverse order, they receive different treatment under the statute. This, he claims, violates equal protection because the difference in result is not rationally related to the purpose of the statute. We find this argument disingenuous.

The classification established by the statute singles out drug offenders who have been convicted of a previous drug offense at the time of sentencing on the principal offense. This class is neither "suspect"—it has not been traditionally oppressed or discriminated against—nor is the classification designed to deprive the class of any fundamental right. *Commonwealth v. Eicher,* 413 Pa.Super. 235, 605 A.2d 337 (1992), *alloc. denied,* 533 Pa. 598, 617 A.2d 1272 (1992); *see Common-*

*wealth v. Wildermuth,* 347 Pa.Super. 640, 501 A.2d 258 (1985) (mandatory sentencing law which classifies offender based on relative ages of victims not a suspect class). The classification will therefore survive equal protection scrutiny so long as it is not arbitrary and "rests upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons in similar circumstances shall be treated alike." *Commonwealth v. Chmiel,* 416 Pa.Super. 235, 242, 610 A.2d 1058, 1061 (1992), *alloc. denied,* 535 Pa. 613, 629 A.2d 1376 (1993) (quoting *Moyer v. Phillips,* 462 Pa. 395, 400–401, 341 A.2d 441, 443 (1975)).

Here, there is no question that § 7508, which provides tougher sentences for convicted drug offenders, is designed "to alleviate the ravages of drug trafficking and drug abuse in our society by subjecting convicted drug dealers to greater periods of confinement." *Eicher, supra,* 413 Pa.Super. at 266, 605 A.2d at 352. In *Eicher,* we rejected an equal protection challenge to § 7508 in the context of classifying an offender based on the weight of drugs involved in the offense. *Id.* Here, the claim is somewhat different, that is, Plass contends by establishing a "look back" period which focuses on the date of sentencing, the legislature inadvertently allowed for a defendant's sentence to be determined not only by the severity of his crime, but also by administrative delay. He contends that prosecutors will abuse the "look back" period by delaying sentencing if an offender is near conviction on another drug offense.

We reject this argument. First, the legislature's goal, imposing harsher sentences for repeat offenders, is clearly served by establishing a scheme which takes any previous offenses, whenever they occur, into account. Moreover, merely because § 7508 does not fit the traditional recidivist scheme as explained by our Supreme Court in *Dickerson, supra,* does not render it unconstitutional. Quite simply, the legislature has determined that deterrence and outright incapacitation of repeat offenders will better serve the societal interest in "alleviat[ing] the ravages of drug trafficking" than does the traditional rehabilitative purpose of other recidivist legislation.

The date of conviction for the first offense, under this view, is insignificant. Thus, § 7508 is reasonably designed to effectuate the purpose it seeks to achieve.

Second, we are unpersuaded that potential disparate treatment caused by administrative delay renders the statute unconstitutional. We have stated:

> [I]t is impossible to provide a sentencing code which covers every possible contingency that may arise in sentencing. It is better for consistency and uniformity of interpretation to be applied across the board for the vast majority of cases while a few defendants in infrequent cases receive a benefit, than to create a cumbersome, confusing and error prone system which breeds continued litigation.

*Eyster, supra,* 401 Pa.Super. at 488, 585 A.2d at 1033. Here the enhanced sentencing provisions of § 7508 are easy to administer, and treat alike all defendants who at the time of sentencing have been convicted of a previous drug offense. The statute could not be more clear in intent or application; it is designed to incapacitate the drug offenders who infect our Commonwealth's communities. If, in an isolated case, the Commonwealth's conduct has caused imposition of an unfairly harsh sentence, the defendant may seek appropriate remedies by alleging and proving, among other things, prosecutorial misconduct.

The judgment of sentence is vacated. Case remanded to the trial court for imposition of sentence in accordance with this opinion. Jurisdiction relinquished.

CIRILLO, J., concurs and dissents.

KELLY, J., dissents, in which JOHNSON, J., joins.

CIRILLO, Judge, concurring and dissenting.

I respectfully concur and dissent for the reasons set forth in my Concurring and Dissenting Opinion in *Commonwealth v. Williams,* 431 Pa.Super. 167, 636 A.2d 183 (1993).

KELLY, Judge, dissenting.

Respectfully, I dissent based upon the statutory analysis, espoused in *Commonwealth v. Dickerson,* 533 Pa. 294, 621 A.2d 990 (1993); *Commonwealth v. Beatty,* 411 Pa.Super. 450, 601 A.2d 1253 (1992) *(en banc ), alloc. granted,* 531 Pa. 644, 612 A.2d 983 (1992); *Commonwealth v. Eyster,* 401 Pa.Super. 477, 585 A.2d 1027 (1991), *appeal denied,* 529 Pa. 646, 602 A.2d 857 (1992), that a "previous conviction" must have occurred prior to the commission of a later offense before a "previous conviction" can be used to enhance the offender's sentence for the later offense.

JOHNSON, J., joins.