**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Eddie VASQUEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 19, 1998.
Filed March 3, 1999.

---

Jeffrey G. Velander, Easton, for appellant.

Brian S. Gaglione, Asst. Dist. Atty., Stroudsberg, for Commonwealth, Appellee.

Before McEWEN, President Judge, and BROSKY, and OLSZEWSKI, JJ.

BROSKY, J.

¶ 1 This is an appeal from a judgment of sentence imposed upon appellant after he pled guilty to two counts of delivery of cocaine. Appellant raises three issues which we paraphrase as follows: are the sentence enhancement provisions found at 18 Pa. C.S.A. § 7508 applicable to enhance a sentence on the second count of a two count indictment where that indictment represents an offenders first arrest for drug trafficking charges and are these provisions violative of the equal protection clause of the United States and Pennsylvania constitutions; do the mandatory minimum sentencing provisions of § 7508 inflict "cruel punishment" in violation of the Pennsylvania Constitution; and does allowing the prosecutor to determine whether to seek imposition of the mandatory minimum sentence violate the separation of powers doctrine of the United States and Pennsylvania constitutions? We vacate the sentence in part and remand.

¶ 2 Appellant was arrested on June 26, 1997 and charged, inter alia, with delivery of approximately 7.5 grams of cocaine on both June 16, 1997, count XI, and June 26, 1997, count XII, the day of his arrest. Appellant had no prior arrests for offenses listed in 18 Pa.C.S.A. § 7508. On January 6, 1998, appellant entered a guilty plea to the charges in question. The Commonwealth gave notice that, with respect to one of the counts appellant pled guilty to, the Commonwealth intended to seek sentencing under the enhanced mandatory minimum sentences. At sentencing appellant argued that the sentence enhancements did not apply in the present case. Nevertheless, the sentencing court concluded that they did and imposed a sentence on one of the counts consistent with the enhancement provisions.[1] The present appeal followed.

¶ 3 The question in the present case, stated quite plainly, is whether a conviction on one count of a multiple count indictment for violations of The Controlled Substance, Drug, Device and Cosmetic Act implicates the enhanced sentence provisions of 18 Pa. C.S.A. § 7508 as to another count of that same indictment where the defendant has no previous arrests or convictions for drug trafficking violations. The present case will again provide evidence that no matter how seemingly clear a legislative provision appears to be worded real life circumstances will occur to test the practical and theoretical application of the language at issue.

¶ 4 Generally speaking, criminal liability attaches to multiple occurrences of criminal activity in two separate fashions. First, for every criminal act the actor is subject to a criminal sentence. Second, where provided for by the legislature, reoc-

---

1. This resulted in a three to six year sentence as opposed to a one to three year sentence.

curring criminal violations can result in increased sentences or increasing mandatory minimum sentences. Section 7508 of the Crimes Code contains mandatory minimum sentences for violations of the Controlled Substance Act. Basically the provisions of § 7508 set forth mandatory minimum sentences based upon the weight of the substance the convicted party possessed. The greater the weight of the substance in question the greater the mandatory minimum sentence which must be imposed. However, there is an additional component to the mandatory minimum sentences. Where, at the time of sentencing, the defendant has been convicted of another drug trafficking offense the mandatory minimum is set higher, i.e., enhanced. The policy behind sentence enhancement is not a mystery and is rather well established. Generally speaking "the point of sentence enhancement is to punish more severely offenders who have persevered in criminal activity." *Commonwealth v. Jones*, 432 Pa.Super. 97, 637 A.2d 1001, 1007 (1994), quoting from *Commonwealth v. Dickerson*, 533 Pa. 294, 621 A.2d 990 (1993).

¶ 5 The enhancement provisions of § 7508 have been in place since 1988 but were amended in 1990. Under the pre–1990 version of the statute applicability of the enhancement provisions was construed to require a **conviction** for a drug trafficking offense **prior** to the commission of a second offense.[2] While this construction likely fulfilled its objective in most cases it did lead to some results that seemed at odds with the intent of the provisions. For instance a repeat drug trafficking offender could avoid the

increased punishment if, as we stated in *Commonwealth v. Kane*, 430 Pa.Super. 203, 633 A.2d 1210, 1211 (1993), "due to the fortuitous delay in trial on the first offense" the defendant had not yet been "convicted" prior to committing a second offense.[3]

¶ 6 Subsequent to the 1990 amendments *Commonwealth v. Williams*, 539 Pa. 249, 652 A.2d 283 (1994), and *Commonwealth v. Plass*, 431 Pa.Super. 251, 636 A.2d 637 (1994)(*en banc*), conclusively established that the rewording of the statute in 1990 changed its application in such a manner that a *Kane*-type situation could no longer occur. Both *Williams* and *Plass* dealt with scenarios where the timing of the commission, conviction and sentencing of offenses was atypical.[4] In other words, the scenario was not one of commission of offense, conviction, commission of another offense, conviction, sentencing where enhancement was sought, as the pre–1990 amendments seemingly required. Nevertheless, under the reworded § 7508 enhancement was found to be proper.

¶ 7 The *Williams* and *Plass* cases established that the sequential timing of conviction and sentencing for separate offenses was no longer the determining factor but rather whether the defendant, at the time of the sentencing in question, had an outstanding conviction for another drug trafficking offense. Thus, *Plass* concluded that whether the actor had been "convicted" for the first offense prior to the commission of the second offense was immaterial. It was sufficient that when sentenced for that second offense appellant had been convicted of another offense. *Williams* established that quirks in

---

**2.** The pre–1990 amended version of § 508 used the following language: "upon the first conviction...and, upon conviction for another offense subject to sentencing under this section:" as the operative language throughout the sentencing provisions.

The 1990 amendments changed the operative wording by setting forth the mandatory minimum while adding the following proviso: "however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense" and then setting forth a higher mandatory minimum.

**3.** In *Kane* the appellant was actually convicted and sentenced on his second offense prior to conviction and sentencing on the first offense

despite the fact that there was a thirteen month lapse between commission of the first and commission of the second.

The same scenario was presented in *Commonwealth v. Jones*, 432 Pa.Super. 97, 637 A.2d 1001 (1994), although there the period between intervening offenses was merely two months implying that Jones continued to sell narcotics while on bail, and awaiting trial, for his first arrest.

**4.** In *Williams* appellant committed offenses two-and-a-half years apart but pled guilty in one proceeding and was sentenced in a single proceeding as well. In *Plass* there were separate convictions and sentencings but appellant had not yet been convicted of the first offense prior to commission of the second offense.

the sequence of the proceedings were also immaterial. Thus, whether the sentencing that evidenced a prior conviction was for commission of the first offense as opposed to the second (the *Kane* and *Jones* situations), or whether for purposes of judicial economy guilty pleas for two separate episodes were accomplished in a single proceeding (the *Williams* situation), was immaterial. What mattered was that there had been two convictions for drug trafficking offenses. As such, enhancement of the second sentence was appropriate.

¶ 8 If, as *Jones* surmised, the general purpose of sentence enhancement was to "punish more severely offenders who have persevered in criminal activity," arguably the construction given the original version of the enhancement provisions was not always successful as multiple offenders who continued to transact in drugs and were caught prior to being convicted for the first offense were being treated as first offenders. Similar leniency was afforded those who due to odd sequencing of criminal proceedings were convicted for the second occurrence prior to being convicted for the first occurrence or who pled guilty in a single proceeding to multiple counts of drug trafficking resulting from multiple occurrences and arrests.[5] Further, if it is assumed that the legislature's decision to reword the provisions was designed to rectify a perceived deficiency in the original wording, the *Williams* and *Plass* decisions certainly provided results consistent with such intent. In both cases arguments were rejected that would have thwarted the general purpose as set forth in *Jones*. The operative question is just how far the legislature intended this concept to be taken.

¶ 9 It would seem obvious that the fact that the legislature chose to revise statutory language evidences an assessment by the legislature that the language originally used was not achieving its intended purpose or was producing results that conflicted with the original intent. Precisely what the legislature intended or expected the revision of the language to achieve is a matter subject to speculation. However, it is reasonable to assume that *Kane* and *Jones* scenarios were coming to the legislature's attention and were the impetus behind the 1990 revisions. However, if the legislature wished to close the *Kane*-type loophole that allowed unavoidable administrative delay to work to an offenders benefit it does not necessarily follow that they wished to negate the more general underlying principle behind enhanced sentencing which provides harsher penalties for those who persevere in criminal activity. Which brings us to the scenario presented in this case.

¶ 10 The present case is unlike *Williams* and *Plass* in that appellant has not committed a second offense after having been arrested on a first. Rather appellant committed two offenses in close proximity to one another that were the subject of a single arrest and a single indictment. As such, he has not exhibited a second lapse in judgment that implicates a greater punishment and hopefully he never will. Stated alternatively, appellant has not persevered in criminal activity despite being arrested for previous drug trafficking offenses.[6]

¶ 11 To apply the enhanced punishment provisions of § 7508 in the present case would not only apply it in a more expansive

---

5. Thus, application of the enhancement provisions under the prior construction meant that an offender's punishment would have been tied to arbitrary matters such as how soon they were caught again or how long the system took to process their cases rather than what is the primary focus of the legislation, that being the decision to engage in drug transactions again despite having been previously arrested for it.

6. Despite the degree of semantic exchange in the *Williams* and *Plass* opinions it appears beyond dispute that the sentencing provisions in question have, at their heart, an anti-recidivist intent. That is, there is a clear purpose to provide great-

er penalties to those who continue to transact in drugs despite prior involvement in the criminal justice system for earlier offenses. Generally speaking the intent of the provisions is clear, the first lapse in judgment will have its cost. Additional lapses will have a greater cost.

To the extent the legislature chose to depart from other recidivist philosophies that may have required a rebuke of the court and the potential rehabilitative effects of criminal punishment prior to the commission of additional offenses such a decision does not necessarily mean they intended to abandon altogether the general concept that punishes perseverance in criminal activity.

fashion than ever before—all of the above-cited cases involved multiple arrests for drug trafficking offenses[7]—it would reintroduce the arbitrariness that the *Williams* and *Plass* decisions cut through. It is only a matter of time until some enterprising District Attorney determines that if two drug transactions a week apart implicate a first and a second offense then, under the same theory, a dealer who sells three bags to a single person, or a bag apiece to a group of three individuals, will have committed three offenses for the mandatory minimum purposes. As such, the degree of punishment could be determined by such arbitrary factors as the police officer's decision of how many controlled buys they want to execute prior to making an arrest or, perhaps, by the number of individuals purchasing drugs when police happen upon an exchange or the number of different drugs a customer chooses to buy from a willing supplier. Further, an undercover police officer could instruct delivery in a fashion that would maximize an offender's potential mandatory minimum time. There is no indication that this was part of the policy behind implementing the enhanced mandatory minimum sentences. Nor is there any authority to support the proposition that the legislature, contrary to the general purpose of sentence enhance-

ment, wished an enhanced sentence to apply to multiple counts resulting from a "first" arrest.

¶ 12 In short, we believe that to the extent the purpose of § 7508 was being circumvented in *Jones/Kane, Plass* and *Williams* scenarios, the 1990 amendment/revision rectified the problem. However, there is no indication that the revised § 7508 was ever meant to apply to multiple counts from a first arrest and such an interpretation runs contrary to the general purpose of sentence enhancement. Consequently, absent an explicit rewording of the enhancement provisions applying them to multiple counts of a first arrest, we shall construe the provision in keeping with the general purpose of sentence enhancement provisions. Thus we hold that for the enhancement provisions of § 7508 to apply one of the relevant "offenses" must have been committed subsequent to a prior arrest for a drug trafficking offense. Such an interpretation should fulfill the general purpose of the enhancement provisions without causing any of the problems experienced under the pre–1990 amendments.[8] Accordingly, the sentence imposed at Count XII will be vacated and we shall remand for resentencing, the remainder of the sentence will be affirmed.[9]

7. *Commonwealth v. Polanco*, 532 Pa. 599, 616 A.2d 1372 (1992), did involve a situation similar to the present one and did result in a vacation of the enhanced sentence. However, the sentence was found violative of the pre–1990 enhancement provisions for reasons other than those relied upon here. The Court did not address the question of whether the enhancement provisions were meant to apply to multiple counts of a first indictment for drug trafficking offenses although, admittedly, neither did they express a concern with this aspect of the case.

8. The operative fact under this decision will be that a defendant has committed a drug trafficking offense after having been previously **arrested** for a separate offense. This will satisfy the general recidivist intent of enhancement provisions which require perseverance in the illegal conduct. However, under *Williams* and *Plass* it will be immaterial whether the defendant is sentenced for the "first" occurring offense prior to the second occurring offense, or sentenced at the same time or whether the defendant had been convicted of an offense prior to committing the

second offense. It will only matter that the defendant was convicted of multiple offenses where one occurred after a prior arrest.

Secondly, the determination will not hinge upon the number of arrests or informations filed, as those matters could be arbitrarily manipulated by separate arrests and the filing of separate informations. Rather, it will require commission of one or more offenses after an arrest for a separate drug trafficking offense.

9. Because of our conclusion that the sentence enhancement provisions of § 7508 are inapplicable to the present case it is not necessary that we attend appellant's constitutional challenges. We note, however, that appellant's equal protection and separation of powers challenges have been decided adversely to appellant's position in *Plass, supra,* and *Commonwealth v. Biddle,* 411 Pa.Super. 210, 601 A.2d 313 (1991). Additionally, as we are vacating appellant's sentence under the enhancement provisions appellant's argument that the sentence enhancements constitute "cruel punishment" is mooted.

¶ 13  Judgment of sentence affirmed in part and vacated in part.  Remanded for resentencing.  Jurisdiction relinquished.