**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Shawn MILLER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 2, 2000.
Decided Jan. 8, 2001.

Earl D. Raynor, Chester, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before JOYCE, J., OLSZEWSKI, J., and CIRILLO, President Judge Emeritus.*

---

* P.J.E. Cirillo did not participate in the consideration or decision of this case.

OLSZEWSKI, J.:

¶ 1 Shawn Miller appeals from the judgment of sentence following his two drug convictions. We affirm.

¶ 2 The trial court found the following facts:

On July 17, 1998 at approximately 7:15 P.M., two on-duty Philadelphia police officers, Michael Iannacone and his partner, Police Officer Barnhardt, were on routine patrol traveling southbound on 59th Street from Florence Street. The defendant was traveling eastbound on the 5900 block of Warrington Street in a tan-colored station wagon. After disregarding a stop sign while turning southbound on 59th Street toward Springfield Avenue, the defendant was pulled over by the officers. The officers then noticed that the vehicle had no tag. Both officers approached the vehicle, one on the driver's side and the other on the passenger's side. Seated in the passenger's side of the vehicle, was an unidentified black male. Office Iannacone testified that he observed the defendant pushing with his right hand a plastic bag under the armrest between the front seats. Enough of the bag remained exposed on the seat that Officer Iannacone, from where he was standing, could see numerous yellow-colored packets through the bag.

Unable to produce a license, registration, and insurance verification, the defendant was asked to exit the vehicle. Officer Bernhardt then checked the armrest and discovered two plastic bags, tied together, containing narcotics. The defendant was placed under arrest and patted-down. As a result of the pat-down, fourteen (14) black-tinted packets containing marijuana were recovered from the defendant. The unidentified passenger was questioned and patted-down. He stated to Officer Iannacone that he didn't know the defendant. No weapons nor narcotics was found on the unidentified passenger, therefore, he was released.

Trial Court Opinion, 12/23/99, at 2–3 (citations omitted). The trial court, sitting without a jury, convicted appellant of Possession with Intent to Deliver a Controlled Substance and Knowingly and Intentionally Possessing a Controlled Substance. This timely appeal followed.

¶ 3 Appellant raises two issues on appeal:

I. Whether the trial court erred when it did not grant appellant's motion for mistrial, where the Commonwealth refused to provide relevant and material evidence, which was clearly discoverable under rule Pa.R.Crim.P 305(B)(1)?

II. Whether the egregious racially disparate impact resulting from mandatory minimum sentencing provision under 18 Pa.C.S.A. Section 7508, which governs sentencing and penalties for drug offenses in the Commonwealth of Pennsylvania, stems from discriminatory purpose [sic] of framer [sic] of the act which denies the similarly situated class of African Americans, including appellant, subjected to sentencing for non-violent drug offenses, equal protection under the Fourteenth Amendment of the United States Constitution, as well as Article I, Section 26 of the Pennsylvania State Constitution?

Appellant's Brief, at 4.

¶ 4 Our standard of review for the first issue is clear:

[Q]uestions involving discovery in criminal cases lie within the discretion of the trial court and will not be reversed unless such discretion was abused.... A trial court may grant a discovery request for disclosure of information if the party requesting the information shows how a disclosure would benefit his case and how it is material.

Commonwealth v. Rucci, 543 Pa. 261, 670 A.2d 1129, 1140 (1996) (citations omitted) (upholding trial court's decision which denied defendant's irrelevant discovery request).

¶ 5 Appellant alleges that the trial court erred in denying his request for a mistrial, where the Commonwealth did not produce certain discovery information. Specifically, during direct examination the Commonwealth asked Officer Iannacone about a passenger who traveled in appellant's car. The officer, however, did not recall the passenger's identity. *See* N.T. Suppression, 12/31/99, at 10. Appellant contends that the Commonwealth's failure to provide the passenger's name and address violated discovery rule Pa.R.Crim.P. 305(B)(1),[1] and precluded appellant from subpoenaing the passenger as a witness. Further, appellant states that he suffered prejudice because this witness, and not appellant, may have possessed the cocaine found in appellant's car. *See* Appellant's Brief, at 9. This argument is without merit.

■ ¶ 6 Appellant has the burden of demonstrating that the requested discovery information is material, favorable to appellant, and "within the possession or control of the attorney for the Commonwealth." *Commonwealth v. Jones*, 432 Pa.Super. 97, 637 A.2d 1001, 1004 (1994) (citing Pa.R.Crim.P. 305(B)). Instantly, appellant failed to meet any of the threshold requirements. First, appellant did not show how the passenger's testimony was material or favorable to his case. Appellant states the passenger's testimony "could have helped" to resolve questions regarding possession of the cocaine. *See* Appellant's brief, at 9. This court held that appellant must definitively show that the information is exculpatory or exonerating. *See Jones*, 637 A.2d at 1005. Appellant merely alleges that the passenger's testimony had potential to be favorable to his case. This is not enough to require disclosure by the Commonwealth. *See id.* Second, the Commonwealth is required to produce only the information within its control. *See Commonwealth v. McElroy*, 445 Pa.Super. 336, 665 A.2d 813 (1995) (holding that Pa.R.Crim.P. 305 cannot be used to force the Commonwealth to produce evidence to which it has no access). Here, the Commonwealth did not have information about the passenger. *See* N.T. Suppression, 12/31/98, at 30. Officer Iannacone testified he did not record the passenger's name because he determined the passenger was not involved in criminal activity. *See id.* at 10–12. Further, appellant already had access to the passenger's information. The unidentified witness rode as a passenger in appellant's car. *See* N.T. Trial, 4/1/99, at 29, 33. Appellant admitted at trial that he knew the passenger's name, address, and his stepfather's place of business. *See id.* at 29, 33, 36. The trial judge also granted a continuance before trial to allow appellant to locate the passenger. *See* N.T. Suppression, 12/31/98, at 29. The Commonwealth is not required to do appellant's investigative work for him. *See Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293, 305 (1999) ("The Commonwealth does not violate the *Brady* rule when it fails to turn over evidence readily obtainable by, and known to, the defendant."); *see also Jones*, 668 A.2d at 513 ("Rule 305 is not a tool to be used by the defense to compel the Commonwealth to obtain evidence to which the defense had equal access.") (quoting *Commonwealth v. Gelormo*, 327 Pa.Super. 219, 475 A.2d 765, 771 (1984)). The trial court decided that the Commonwealth did not violate discovery rules by failing to provide the passenger's identity because the information was unknown to the Commonwealth and appellant had not shown the materiality of the witness. *See* Trial Court Opinion, 12/23/99, at 3–5. Because

---

1. Pa.R.Crim.P. 305(B)(1) states:
   (B) Disclosure by the Commonwealth
   (1) Mandatory. In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's at- torney to inspect and copy or photocopy such items.
   (a) Any evidence favorable to the accused which is material either to guilt or to punishment, and which is within the possession or control of the attorney for the Commonwealth.

we agree with the trial court's analysis, we find the trial court did not abuse its discretion in denying a mistrial.

■ ¶ 7 Appellant next claims that the sentencing statute, 18 Pa.C.S.A. § 7508, violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. Pa.R.A.P. 2117(c) and 2119(e) require appellant to state in both the "Statement of the Case" and the "Argument," the specific portion of the record where the issue was preserved for appeal. Appellant's brief does not comply with these requirements. *See* Appellant's brief at 5–7, 11–28. Further, upon review of the record, we find no objection by appellant's counsel to the constitutionality of the sentencing guidelines during the sentencing hearing. *See* N.T. Sentencing, 6/9/99, at 7–17. Thus, appellant's argument is technically waived. Because the trial court addressed appellant's claim in its opinion, this court will also review the claim. *See Commonwealth v. Perez*, 444 Pa.Super. 570, 664 A.2d 582, 585 (1995) ("When an issue is waived for failure to comply with post-trial procedural rules but the trial court chooses to overlook the error and addresses the issue, an appellate court is bound to do likewise.").

■ ¶ 8 Initially, we must establish the appropriate degree of scrutiny to analyze the challenged statute. This court reviewed an equal protection challenge to the sentencing guidelines under 18 Pa. C.S.A. § 7508 in *Commonwealth v. Plass*, 431 Pa.Super. 251, 636 A.2d 637, 641 (1994) (citations omitted), where we stated:

> The classification established by the statute singles out drug offenders who have been convicted of a previous drug offense at the time of sentencing on the principal offense. This class is neither "suspect"—it has not been traditionally oppressed or discriminated against nor is the classification designed to deprive the class of any fundamental right. The classification will therefore survive equal protection scrutiny so long as it is not arbitrary and "rests upon some ground

of difference having a fair and substantial relation to the object of the legislation so that all persons in similar circumstances shall be treated alike."

This court established that the statute in question bears a "substantial relation to the object of the legislation":

> In enacting the mandatory sentencing provisions, the purpose of the statute was to alleviate the ravages of drug trafficking and drug abuse in our society by subjecting convicted drug dealers to greater periods of confinement. *See Commonwealth v. Biddle*, 411 Pa.Super. 210, 217 n. 7, 601 A.2d 313, 317 n. 7 (1991), (opinion by Ford Elliot, J.), *citing* Senate Legislative Journal, No. 13, 172nd General Assembly, Volume I, at 1780, 1784, and 1786 (February 23, 1988). *See also* House Legislative Journal, No. 16, 172nd General Assembly, Volume I, at 357, 363, 373 and 374 (March 16, 1988) (for similar comments). Further, the legislature imposed more severe penalties on those individuals who were found to possess and/or deliver greater quantities of drugs.... [T]he legislature's scheme of imposing harsher penalties and longer periods of confinement on convicted drug dealers is rationally related to the laudable goal of attempting to put an end to the pernicious effects which drugs and the illicit drug trade have inflicted upon our society.

*Commonwealth v. Eicher*, 413 Pa.Super. 235, 605 A.2d 337, 352 (1992) (holding the mandatory minimum sentencing provisions under 18 Pa.C.S.A. § 7508 do not violate the equal protection clause). Additionally, the statute is not applied arbitrarily. Anyone—regardless of race, gender, religion, or other characteristic—convicted of a previous drug offense will be sentenced under the statute. *See Plass*, 636 A.2d at 641–42. Appellant avers that subjecting non-violent drug offenders, and not non-violent property offenders, to mandatory sentencing treats these two similarly situated groups

differently. This, appellant argues, violates the equal protection clause. We disagree. Appellant has failed to show that non-violent drug offenders are subjected to a level of scrutiny higher than that stated above. *See* Appellant's brief at 11–16. "Consequently, only a minimum level of scrutiny need be applied to determine whether the statute bears a rational relationship to a legitimate legislative objective." *Eicher*, 605 A.2d at 352 (citing *Commonwealth v. Jones*, 374 Pa.Super. 431, 543 A.2d 548 (1988)). This Court has repeatedly held that mandatory sentencing provisions pass constitutional muster. *See Eicher*, 605 A.2d at 352; *see also Plass*, 636 A.2d at 641 (holding 18 Pa.C.S.A. § 7508 effectuates the legislative purpose of reducing drug crimes); *Commonwealth v. Jones*, 374 Pa.Super. 431, 543 A.2d 548 (1988) (finding the mandatory minimum sentencing for offenses on or near public transportation does not violate the equal protection clause because the statute furthers the legislative goals of protecting operators, municipal interests, and public safety); *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986) (upholding the constitutionality of mandatory minimum sentencing applicable to convictions of certain felonies, where the statute clearly related to the legislature's objective of deterring violent crime); *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293 (1985) (determining the mandatory sentences for drunken drivers does not violate the equal protection clause because the "classification ... is rationally related to a legitimate state interest, i.e., safety on the highways of our state"). Because appellant has not established the requisite factors to sustain an equal protection violation, this claim fails.

¶ 9 Judgment of sentence affirmed.