**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Raphael SALER, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 11, 2000.

Filed Oct. 11, 2000.

Adrienne Duvall, Asst. Dist. Atty., Norristown, for Com., appellant.

John I. McMahon, West Conshocken, for appellee.

BEFORE: FORD ELLIOTT, STEVENS and MONTEMURO, JJ.*

STEVENS, J.:

¶ 1 The Commonwealth appeals from a June 17, 1999 judgment of sentence entered in the Court of Common Pleas of Montgomery County following Appellee's conviction of two counts of unlawful delivery of cocaine. The Commonwealth contends that the trial court committed an abuse of discretion by failing to impose a three-year mandatory sentence for Appellee's second conviction. We vacate the judgment of sentence and remand for proceedings consistent with this decision.

¶ 2 The relevant facts and procedural history are as follows: On April 22, 1998, Appellee sold 6.78 grams of cocaine to an undercover agent of the Montgomery County District Attorney's Office, Narcotics Enforcement Team. Appellee was arrested for this offense on September 25, 1998. On August 28, 1998, however, prior to his arrest, Appellee had sold 6.8 grams of cocaine to an undercover agent of the Narcotics Enforcement Team. He was arrested for the second offense on October 21, 1998, and, subsequently, indicted for both offenses.

¶ 3 On April 22, 1999, Appellee pled guilty to the unlawful delivery of cocaine which occurred on April 22, 1998, and, also, to the second delivery which occurred on August 28, 1998. Prior to Appellee's sentencing, the Commonwealth gave notice of its intention to seek, pursuant to 18 Pa. C.S.A. § 7508, the mandatory minimum sentence of one year in prison, a fine of $5,000 for the first offense, and the enhanced mandatory minimum sentence of three years in prison as well as a fine of $10,000 for the second offense.

¶ 4 On June 17, 1999, the trial court, finding that 18 Pa.C.S.A. § 7508 was inapplicable, sentenced Appellee to a mandatory minimum sentence of not less than one year nor more than two years in prison with a three-year consecutive probation and a fine of $5,000 for the April 22, 1998 offense, and a concurrent sentence of not less than fourteen months nor more than twenty-eight months with a three-year consecutive probation and a fine of $5,000 for the August 28, 1998 offense. The Commonwealth filed a Motion for Reconsideration of Sentence, which was denied by the court on July 2, 1999. The Commonwealth then filed a Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P.1925(b), to which the trial court filed a 1925(a) opinion.[1] This timely appeal followed.

---

* Retired Justice assigned to the Superior Court.

1. We note that, in declining to impose the enhanced sentencing statute, the trial court relied on *Commonwealth v. Vasquez*, 726 A.2d 396 (Pa.Super.1999), *appeal granted,* 559 Pa. 704, 740 A.2d 233 (1999). We conclude that *Vasquez* does not prevent the Commonwealth from seeking an enhanced mandatory minimum in the case *sub judice*. In *Vasquez*, the

¶ 5 In the instant appeal, the Commonwealth contends that the trial court committed a manifest abuse of discretion by failing to impose the enhanced mandatory minimum sentence for the charge related to the August 28, 1998 delivery in that, Appellee had been "convicted" of the April 22, 1998 offense at the time he was sentenced for this second offense. In seeking enhanced sentencing, the Commonwealth relies on 18 Pa.C.S.A. § 7508 which provides, in pertinent part, as follows:

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act ... shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of the sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

....

(a.1) **Previous conviction.**—For purposes of this section, it shall be deemed that a defendant has been convicted of another drug trafficking offense when the defendant has been convicted of an-

other offense under section 13(a)(14), (30) or 37 of The Controlled Substance, Drug, Device and Cosmetic Act, or of a similar offense under any statute of any state or the United States, whether or not judgment of sentence has been imposed concerning that offense.

¶ 6 The Commonwealth contends that the decision rendered by the Supreme Court in *Commonwealth v. Williams*, 539 Pa. 249, 652 A.2d 283 (1994), is controlling in the instant case. We agree.

¶ 7 In *Williams*, the defendant committed a drug trafficking offense in November, 1988, and a second such offense in May, 1991. He was convicted by guilty plea of both offenses in October, 1991. As in the present case, the Commonwealth sought application of the enhanced sentence provision of 18 Pa.C.S.A. § 7508(a)(3)(i) regarding defendant's second offense. The trial court refused to impose an enhanced minimum sentence for the 1991 offense because that offense had been committed before the defendant had been convicted of the 1988 offense. The Supreme Court disagreed. The Court, in discussing the dictates of 18 Pa.C.S.A. § 7508(a)(3)(i), stated that "[t]he legislation in question contains no ambiguity at all. It says that 'if at the time of sentencing the defendant has been convicted of another drug trafficking offense,' he must receive an enhanced sentence." 539 Pa. at 252–253, 652 A.2d at 285. The Court noted that where there is no ambiguity in statutory language, there is no room for interpretation. 539 Pa. at 253, 652 A.2d at 285 (*citing* 1 Pa.C.S. § 1921(b)) [2](citations omitted). The Court rejected the notion

appellant delivered cocaine on June 16, 1997, and June 26, 1997, the day of his arrest. The appellant pled guilty to both counts, the Commonwealth sought the mandatory minimum, and the trial court imposed the mandatory minimum. On appeal, this Court determined that since the appellant had a single arrest, instead of two separate arrests, Section 7508 was inapplicable. Specifically, this Court held that where an appellant has two arrests, the arrests are consolidated, and the appellant pleads guilty to both at a single hearing for

the sake of judicial economy, it is immaterial whether he is sentenced for the "first" occurring offense or at the same time. As such, we conclude that *Vasquez* does not prevent the application of Section 7508 to this case.

2. 1 Pa.C.S.A. § 1921(b) provides the following: "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

that a defendant had to be convicted of a first drug offense before the commission of a subsequent drug offense in order to trigger the enhanced sentencing statute for the subsequent offense. Therefore, the Court held that the enhanced sentence provision of 18 Pa.C.S.A. § 7508(a)(3)(i) must be applied to defendant's 1991 offense, since, at the time of **sentencing**, he had been **convicted** of the drug trafficking offense committed in 1988.

¶ 8 In the present case, Appellee, similar to the defendant in *Williams*, was convicted for the April 22, 1998 drug charge at the time he was sentenced for the August 28, 1998 charge. The requirements of 18 Pa.C.S.A. § 7508(a)(3)(i) were met and, therefore, the enhanced sentence provision was applicable to Appellee's second conviction.

¶ 9 For the foregoing reasons, we vacate Appellee's sentence and remand for re-sentencing pursuant to 18 Pa.C.S.A. § 7508.

¶ 10 Judgment of sentence vacated; remanded for re-sentencing; jurisdiction relinquished.