637 A.2d 1001

**COMMONWEALTH of Pennsylvania**

v.

**Albert D. JONES, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1993.

Filed Feb. 23, 1994.

Joseph P. Burt, Erie, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, President Judge, McEWEN, CIRILLO, OLSZEWSKI, DEL SOLE, BECK, TAMILIA, KELLY and JOHNSON, JJ.

JOHNSON, Judge:

On this appeal from judgment of sentence, we are asked to determine the propriety of imposing the recidivist enhancement provision of 18 Pa.C.S. § 7508(a)(3)(ii), the pre–1990 amendment version, where the commission of the second offense, on which the enhancement is based, occurred prior to a conviction on the first offense. Because we find that for a prior conviction to serve to enhance a sentence, the conviction must precede the commission of the later offense, we shall

vacate the judgment of sentence and remand the case for resentencing.

We are also presented with three additional allegations of trial court error: (1) failure to compel disclosure of the confidential informant; (2) failure to grant a request for a missing witness instruction; and, (3) imposition of an excessive and unreasonable sentence. For the reasons set forth below, we find no merit in these three allegations of trial court error. Accordingly, we affirm the conviction, even as we remand for resentencing.

In September, 1990, Albert D. Jones sold cocaine to an undercover police detective in a controlled drug buy. A jury convicted Jones of unlawful delivery of a controlled substance, 35 P.S. § 780–113(a)(30); unlawful possession of a controlled substance, 35 P.S. § 780–113(a)(16); and criminal conspiracy, 18 P.C.S. § 903. In November, 1990, two months after committing the offenses underlying this appeal, Jones committed his second offense, possession with the intent to deliver a controlled substance (cocaine), 35 P.S. § 780–113(a)(30). Prior to being convicted for his first offenses, Jones was convicted and sentenced for his second offense. Based upon the earlier conviction for the second offense, the Honorable Michael T. Joyce applied 18 Pa.C.S. § 7508(a)(3)(ii), on the conviction for the first offenses, and sentenced Jones to a term of incarceration of 5 to 10 years, plus 5 years consecutive probation. The sentencing court also imposed the mandatory minimum fine of $30,000. Jones' timely filed post-verdict motions were denied. He now appeals to this Court based upon the four above-stated allegations of trial court error.

On September 20, 1990, Detective E.L. Mioduszewski was working undercover with a confidential informant. The informant arranged a meeting between Jones and the detective so that the detective could make a controlled drug buy from Jones. The drug transaction occurred at a gas station when the informant picked up the drugs from the location where Jones had placed them, and Detective Mioduszewski simultaneously placed the money on the dashboard of Jones' car. State Narcotics Agent Barbara Winschel, who recognized

Jones from numerous prior observations of him, observed the transaction from a parking lot across the street from the gas station. Her testimony corroborated that of Detective Mioduszewski. Jones was arrested several months later.

On the morning of trial, Jones requested disclosure of the identity of the confidential informant. The trial court denied Jones' request for disclosure, but did not address this issue in its subsequent Opinion. The trial court also denied Jones' request for a missing witness instruction. On appeal, Jones argues first that the trial court erred in failing to compel the Commonwealth to disclose the identity of the informant because the informant "could have been interviewed and potentially presented as to distances, lighting conditions, conversations, positions of police officers, length of observations, physical descriptions, and all of the many other factor's [sic] with a bearing upon reliability of identification testimony." We disagree.

Rule 305(B), Pa.R.Crim.P., governs disclosure of information by the Commonwealth. Rule 305(B) provides, in pertinent part:

**B. Disclosure by the Commonwealth.**

(1) *Mandatory.* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

(a) Any evidence favorable to the accused which is material either to guilt or to punishment, and which is within the possession or control of the attorney for the Commonwealth;

\*  \*  \*  \*  \*  \*

(2) *Discretionary With the Court.* In all court cases, ... if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the

following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

    (a) the names and addresses of eyewitnesses;

*    *    *    *    *    *

Pa.R.Crim.P., Rule 305(B)(1)(a); Rule 305(B)(2)(a). Thus, the mandatory provision of the rule expressly compels the Commonwealth to disclose any information it has that is favorable to the defendant and which is material to guilt or punishment. "Evidence is material 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome.'" *Commonwealth v. Redmond,* 395 Pa.Super. 286, 298, 577 A.2d 547, 553 (1990), quoting *Pennsylvania v. Ritchie,* 480 U.S. 39, 57, 107 S.Ct. 989, 1001, 94 L.Ed.2d 40, 57 (1987). Evidence which is both favorable to the accused and material to guilt or punishment is exculpatory. Exculpatory evidence is that which "extrinsically tends to establish defendant's innocence of the crimes charged, as differentiated from that which, although favorable, is merely collateral or impeaching." *Id.* at 298, 577 A.2d at 552.

Under the second provision of Rule 305(B), the court, in its discretion, may require the Commonwealth to disclose other evidence, provided the defendant files a motion for pretrial discovery. Before the court will exercise its discretion to permit disclosure, the defendant has the burden of proving that the evidence requested in discovery is material, reasonable and in the interest of justice. *Commonwealth v. Novasak,* 414 Pa.Super. 21, 33, 606 A.2d 477, 483 (1992), *appeal denied,* 532 Pa. 662, 616 A.2d 984 (1992). "Although exact predictions of what the informant might say cannot be expected, a reasonable possibility that the informant could give testimony that would tend to exonerate the defendant must be suggested." *Commonwealth v. Delligatti,* 371 Pa.Super. 315, 325, 538 A.2d 34, 39 (1988), *appeal denied,* 520 Pa. 595, 552 A.2d 250 (1988). Mere assertion that the information might be helpful to the defense is insufficient to mandate

disclosure. *Id.* Once the defendant proves that the requested evidence is material and the request is reasonable, the court, in the interest of fairness, must balance the public interest in protecting the flow of information against the accused's right to prepare a defense. *Id.*

█ In this case, Jones has failed to meet even the threshold requirements of Rule 305(B)(1)(a). Jones claims that the Commonwealth should have disclosed the identity of the confidential informant because the informant was an eyewitness, who "could have been interviewed and *potentially*" (emphasis added) presented facts which *may* have caused the jury to question the detective's and the agent's identification testimony. At no time before or during trial, and nowhere in his brief, does Jones argue that the identity of the confidential informant should be disclosed because the informant has information that is exculpatory or would tend to exonerate him. Since Jones has failed to meet this threshold requirement of Rule 305(B)(1)(a), the Commonwealth did not have a mandatory duty to disclose the identity of the confidential informant.

█ Jones has also failed to meet the threshold requirements of Rule 305(B)(2)(a). This section is invoked when the defendant files a motion for pretrial discovery. Here, Jones failed to file a motion for pretrial discovery. Instead, Jones made a request for disclosure of the identity of the informant on the morning of trial, to which the Commonwealth objected as being untimely. N.T., November 4, 1991, at 13–14. In addition, Jones has failed to make the required showing that the identity of the informant was material to the preparation of his alibi defense. Jones merely asserts that the informant *might* have information that *could* be beneficial to his defense, by questioning the credibility of the detective's and agent's identification testimony. Mere assertions, however, are insufficient to support a motion for disclosure of information. *Delligatti, supra.* Moreover, the evidence adduced at trial does not suggest that the informant would have been able to bolster Jones' case.

The Commonwealth requested that the identity of the informant remain confidential for the safety and protection of the informant and for future use in undercover investigations. The detective testified, in camera, that based on a phone conversation he had with the informant and the informant's mother concerning an alleged assault by Jones, the informant had legitimate fears for his own safety and that those fears continued to the time of trial. In light of Jones' failure to meet the threshold requirements of Rule 305(B) to justify disclosure, and the testimony on the confidential informant's fear for his safety, we conclude that the trial court properly denied Jones' request for disclosure of the identity of the confidential witness.

Jones' second contention is that the trial court erred in failing to give a missing witness instruction, when the Commonwealth failed to call an eyewitness to the crime, specifically, the informant. A negative inference may be drawn from the failure of a party to call a particular witness who was in that party's control. *Delligatti*, 371 Pa.Super. at 326, 538 A.2d at 40. However, an inference may not be drawn where there exists a satisfactory explanation as to why the party failed to call such witness. *Id.*

The record indicates that the Commonwealth established a genuine concern for the personal safety and protection of the informant. As a result, the trial court refused to disclose the identity of the informant. While the trial court concluded that there was no missing witness, the trial court could have easily found that the concern for the informant's safety was a satisfactory explanation for failing to call the informant to testify. Thus, we conclude that the trial court properly denied Jones' request for a missing witness instruction, since the Commonwealth provided a satisfactory explanation as to why the witness would not be called to testify.

Finding no merit in these first two contentions, we shall affirm the conviction.

Jones also claims that the trial court imposed an excessive and unreasonable sentence. Here, Jones is chal-

lenging the discretionary aspects of sentencing to which there is no absolute right to appeal. This claim must be considered as a petition for permission to appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Initially, we note that Jones has complied with the basic procedural requirements of *Tuladziecki* by timely filing a notice of appeal and by complying with the dictates of Pa.R.A.P. 2116(b) and 2119(f). We must therefore determine whether Jones has established that a substantial question exists as to the appropriateness of his sentence. Only where a party can "articulate reasons why a particular sentence raises doubts that [the sentencing] scheme as a whole has been compromised [should] the appellate court . . . review the manner in which the trial court exercised its discretion." *Tuladziecki*, 513 Pa. at 515, 522 A.2d at 20.

As the basis for his challenge to the sentence, Jones claims that the trial court failed to give sufficient consideration to certain mitigating factors. These factors include his 1) lack of a criminal history; 2) his youth (age 22); 3) potential; 4) lack of addictions to drugs or alcohol; 5) newly married status; and, 6) the fact that Jones did have "a good history of work-seeking." Appellant's Brief at 9–10. Our supreme court has held, however, that where a pre-sentence investigation report exists, it is presumed that the sentencing court was aware of any relevant information within the report, and that the sentencing court properly weighed any mitigating factors. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988). In this case, since the sentencing court had access to Jones' pre-sentence investigation report, we conclude that the sentencing court appropriately weighed any mitigating factors. More-over, this Court has determined that an appeal based on the argument that the sentencing court failed to give sufficient weight to certain mitigating factors does not raise a substantial question. *Commonwealth v. Frank*, 395 Pa.Super. 412, 577 A.2d 609 (1990), *appeal denied*, 526 Pa. 629, 584 A.2d 312 (1990). Because Jones has failed to raise a substantial question, his challenge to the discretionary aspects of sentencing must fail.

■ Finally, Jones asserts that the sentencing court erred in applying the sentence enhancement provision, pursuant to 18 Pa.C.S. § 7508(a)(3)(ii). Jones argues that since his commission of the second offense occurred prior to his conviction for the first offense, the enhancement provision does not apply. We agree.

Section 7508(a)(3)(ii), prior to the 1990 amendment, reads in pertinent part:

### § 7508. Drug trafficking sentencing and penalties

**(a) General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

.   .   .   .   .

(3) A person who is convicted of violating section 13(a)[,] (14) or (30) of The Controlled Substance, Drug, Device and Cosmetic Act ... shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

.   .   .   .   .

(ii) upon the first conviction when the amount of the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,00[0] ..., *upon conviction for another offense subject to sentencing under this section: five years in prison and $30,000....*

.   .   .   .   .

18 Pa.C.S. § 7508(a)(3)(ii) (emphasis added).

■ Generally, statutes that are penal in nature must be strictly construed. 1 Pa.C.S. § 1928(b). In addition, statutes must be interpreted to further the special purposes of the particular provision. 18 Pa.C.S. § 105. This particular recidivist statute, prior to its amendment in 1990, is silent on the question of whether the commission of the second offense must antedate the conviction on the first offense. Where "a statute admits of reasonably contradictory constructions[,] the one most favorable to the accused should be applied." 39 Am.Jur.2d § 4. *See also Commonwealth v. Eyster,* 401 Pa.Su-

per. 477, 488, 585 A.2d 1027, 1033 (1991) (*en banc*), *appeal denied,* 529 Pa. 646, 602 A.2d 857 (1992).

In *Commonwealth v. Dickerson,* 533 Pa. 294, 621 A.2d 990 (1993), our supreme court construed another recidivist statute by examining the theory underlying habitual criminal legislation. There, the court adopted our long established articulation of the theory as follows:

It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon anyone, except the incorrigible one, who after being reproved, 'still hardeneth his neck.' *If the heavier penalty prescribed for the second violation ... is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.*

*Id.* at 299, 621 A.2d at 992, quoting *Commonwealth v. Sutton,* 125 Pa.Super. 407, 413, 189 A. 556, 558 (1937) (emphasis added). "The point of sentence enhancement is to punish more severely offenders who have persevered in criminal activity." *Id.* "[A] defendant should not be subject to a sentence of increased severity for recidivism unless he has had the benefit of the reproof of a first conviction prior to committing the second offense." *Id.* 533 Pa. at 301, 621 A.2d at 993. *See also Commonwealth v. Kane,* 430 Pa.Super. 203, 633 A.2d 1210 (1993); *Commonwealth v. Beatty,* 411 Pa.Super. 450, 601 A.2d 1253 (1992) (*en banc*), *affirmed,* 533 Pa. 322, 623 A.2d 814 (1993) (per curiam); *Eyster, supra.*

Section 7508 was amended in December, 1990, to include the language, "if at the time of sentencing the defendant has been convicted of another drug trafficking offense...." In *Commonwealth v. Williams,* 431 Pa.Super. 167, 636 A.2d 183 (1993) (Cirillo, J., concurring and dissenting; Johnson, J., Kelly, J., dissenting), this Court, *en banc,* determined that the post-amendment version of the enhancement provision "clearly directs a sentencing court to determine, at the time of sentencing, whether the defendant has a previous conviction under the Controlled Substance, Drug, Device and Cosmetic Act, and if so, to impose the mandatory minimum sentence," without regard to when the later offense occurred. *Williams,*

at 169, 636 A.2d at 184–85. Under the pre–1990 version, however, this Court, *en banc,* interpreted "upon conviction for another offense" to mean that "[i]n order [for a defendant] to be subject to the recidivist penalty under this section, the *prior conviction must precede the current offense* for which the defendant is being sentenced." *Kane, supra,* at 206, 633 A.2d at 1211 (emphasis in original). "[F]or a prior conviction to serve as an enhancer . . . the conviction must precede the commission of the later offense." *Id.* at 206, 633 A.2d at 1211, quoting *Dickerson,* 404 Pa.Super. 249, 261, 590 A.2d 766, 772 (1991), *affirmed,* 533 Pa. 294, 621 A.2d 990 (1993).

The present case is also a pre–1990 amendment case, in which the prior conviction did not precede the commission of the second offense. Since Jones committed his second offense before being convicted for his first offense, the sentence enhancement provision is inapplicable. Here, prior to committing his second offense, Jones did not have the benefit of the reproof for his first conviction, as was contemplated by legislators in enacting recidivist statutes. Jones committed his second offense approximately one year before being convicted for the first offense. In light of the policy underlying recidivist statutes, in addition to the constitutionally required strict construction of penal statutes to favor the defendant, we find that the sentencing court erred in applying the enhancement provision.

Accordingly, the conviction is affirmed, the judgment of sentence is vacated and the case is remanded for resentencing consistent with this Opinion.

Judgment of sentence is vacated. Case is remanded for resentencing. Jurisdiction is relinquished.

DEL SOLE, J., files a Concurring and Dissenting Opinion.

DEL SOLE, Judge, concurring and dissenting:

I join the Opinion of my colleague, Judge Johnson on the sentencing question. I disagree, however, with the majority's remaining analysis which finds that the trial court did not err in dealing with questions involving the "alleged" confidential informant.

If the Commonwealth's position, that this defendant committed the crime charged, is correct, then its argument that there was a confidential informant is disingenuous. The Commonwealth presented evidence that the "confidential informant" arranged the buy of drugs with the defendant as seller, was known by the defendant, was present at all times during the transaction, viewed and tested the quality of the drugs before the money was transferred, and was led to the drugs after the transfer. In addition, if the detectives testimony is to be believed, this defendant already threatened the "informant" raising serious doubt about the Commonwealth's position that the "informant's" identity must remain a secret.

However, if the defendant's position is correct that he was not involved, the testimony of an eyewitness to the crime would be necessary for the defense.

While courts have acted to preserve the identity of confidential informants, that protection is generally associated with their involvement in providing probable cause for obtaining search warrants, or other aspects of the investigation process, not with participating in the commission of the crime charged. Our Supreme Court dealt with this issue in *Commonwealth v. Carter*, 427 Pa. 53, 233 A.2d 284 (1967). There the Court held unanimously that even where a trial court gave a missing witness instruction, it was reversible error to not require disclosure of the informant's identity since the "confidential informant" was an eyewitness witness to the crime. That is precisely the issue before us.

While there is a need to protect the identity of informants in certain situations, that need must give way to the demands of a fair trial. As the Court said in *Carter*:

The defect in this argument [disclosure of an informant's identity terminates usefulness and may lead to retribution] of the Commonwealth is that it overlooks one fact of overwhelming importance. That fact is the complete lack of justification for reducing the stringency of fair-trial safeguards for certain defendants merely because of the type of crime with which they are charged....

... We do not believe, however, that our notions of jurisprudence permit the prosecution to be the arbiter of the value to the defense of the testimony of a prospective witness. Under an adversary system of justice, each side is deemed uniquely suited to determine whether the testimony of a particular witness will advance its cause.

427 Pa. at pp. 63 & 64, 233 A.2d at pp. 289 & 290.

For these reasons, I cannot join the Majority's decision finding no error by the trial court in dealing with the identification of the Commonwealth's material witness. At the very least, the trial court should have given the missing witness instruction requested by the defendant.