# Commonwealth v. Briggs

*Pat Blessington,* for Commonwealth.
*George Lepley* and *Craig Miller,* for defendant.

FEUDALE, *S.J., specially presiding,* October 12, 2005—The matter presently before the court is defendant's oral pretrial motion for discovery and the Commonwealth's motion to quash a subpoena for certain documents from the Commissioner of the Pennsylvania State Police. The Commonwealth objects to discovery and has filed motions to quash the subpoena.

Defendant, Dustin Briggs, is charged with two counts of murder, one count of robbery, and one count of person not to possess or use a firearm involving the killings of Bradford County Deputy Sheriffs Michael VanKuren and Christopher Burgert in Bradford County, Pennsylvania on or about March 31, 2004. The Commonwealth has filed a notice of seven aggravating circumstances per victim indicating their intention to seek the death penalty. A brief record proceeding was held on October 7, 2005, to address the defendant's oral motion and subpoena for discovery. At that time the defendant orally

requested and/or in his subpoena made the following request:

"(1) 'The clothes, other items that the individuals (victims) would have been wearing such as belts, socks, things of that nature; and the footwear of defendant, Arlan Briggs (defendant's father), April Harris (defendant's girlfriend), and the two victims, along with the two found firearms.' The defendant requests the aforesaid items be 'forwarded to R.J. Lee Group, Monroeville for examination.' Defendant also requested certain cartridges 'that we wanted to break down' be turned over to their firearms and tool mark examiner, Frederick Wentling, a former forensic expert for the Pennsylvania State Police.

"(2) Discovery by way of subpoena issued to Jeffrey Miller, Commissioner of the Pennsylvania State Police, requesting the items set forth in attachment A (attached hereto). As per an on the record stipulation of counsel for the Commonwealth and defendant, items one, two, three and four of attachment A to the subpoena have been resolved, and the only items at issue are Pennsylvania State Police operations manual 7-7 and 7-2 re: field reporting."

When the Commonwealth asked the defendant to lay a foundation for the discovery requested in paragraph one, counsel responded as follows: "Your honor, we believe that under Rule 573(b), subsection (1)(f), that we're permitted to examine any tangible evidence. It's a mandatory discovery. And that's our position. We have discussed whether it is our burden to come forth and tell you in open court before the Commonwealth as to the

reason behind that. I will tell you that it is Mr. Lepley and my opinion that to do that would divulge our theory of the case, and that we do not believe that that's in the interest for our defendant to do that. And at this point in time, our request is, as you know, the one in—regarding Mr. Wentling looking at the cartridges and taking 'em apart. The other one is to have these items forwarded to the R.J. Lee Group for examination. That's our offer. We believe that we're entitled to do that under the applicable discovery rules."

Pennsylvania Rule of Criminal Procedure 573(B)(1)(f) provides:

"(B) Disclosure by the Commonwealth

"(1) *Mandatory:* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall *disclose* to the defendant's attorney all of the following requested items or information provided they are material to the instant case. Commonwealth *shall, when applicable,* permit the defendant's attorney to *inspect and copy or photograph* such items.

"(f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence." (emphasis added)

We note that neither the Commonwealth nor this court dispute that the items defendant requests be turned over to an entity described as R.J. Lee Group, of Monroeville, or Mr. Wentling, as set forth in paragraph one are "tangible objects." Black's Law Dictionary defines tangible as real or substantial evidence "capable of being touched, possessed or realized." We also note the language of the

rule as to inspect, copy or photograph is identical as to both mandatory and discretionary discovery.

While shall is used in the mandatory discovery language as compared to the use of may in the discretionary language, the shall is prefaced by the qualifier disclose (not deliver) such evidence and only (whether disclosure or delivery) *when applicable.* (emphasis added)

We believe, the limitation as to disclosing, inspecting, copying or photographing, when applicable, are clear and unequivocal and are not, despite the defendant's assertions to the contrary, "mere semantics."

To date, Commonwealth has provided the defendant with all mandatory and much discretionary discovery. To the best of this court's knowledge, no mandatory exculpatory evidence has been identified by the Commonwealth. The Commonwealth has allowed and does not dispute the right of the defendant to inspect, copy or photograph any of the evidence in question. Such may, depending on the request and circumstances, at times only occur in the presence of an appropriate agent for the Commonwealth.

However, to suggest that defendant has the right to request such evidence be turned over to agents for the defendant for some type of unspecified examination (in the case of R.J. Lee Group) and the "breaking down" of cartridges in the case of their expert Frederick Wentling; without laying some type of foundation for their request, strains credulity.

In support of its position, Commonwealth cited *Commonwealth v. Jones,* 432 Pa. Super. 97, 637 A.2d 1001 (1994). Therein, the court held, before the court will ex-

ercise its discretion to permit disclosure, the defendant has the burden of proving that the evidence requested in discovery is material, reasonable and in the interest of justice. The court also held that, once the defendant proves that the requested evidence is material and the request is reasonable, the court, in the interest of fairness, must balance a public interest in protecting the flow of information against the defendant's right to prepare a defense. Admittedly, the given case involved discretionary, as compared to mandatory, discovery. However, the mandatory language of shall does not broaden the limitation of disclose, inspect, copy or photograph when applicable. Nor does it logically allow the defendant unfettered discretion to demand evidence be turned over to his agent for unspecified or even a specified use, without some explanation or foundation for the request, and appropriate guidance and/or protective order from the court.

Defendant's assertion that he should not be required to lay a foundation alleging such because it would arguably divulge the "theory of the case" is disingenuous. A commentator we are unable to attribute once stated that the adversarial system of trial . . . is not yet a poker game in which players enjoy an absolute right to conceal their cards until they are played.

While it is true the only mandatory discovery by the defendant is related to his intent to utilize an alibi, or insanity or mental infirmity defense; he cannot access evidence in the custody and control of the Commonwealth and expose such evidence to potential misuse, modification or destruction without showing the materiality, reasonableness and justiciability of such a request.

Another concern is the issue of chain of custody. Chain of custody is an indirect method of proving the identity and integrity of evidence by showing its continuous whereabouts. The Commonwealth or proponent of the evidence must establish, to a reasonable degree of certainty, that the identity and condition of the proffered exhibit remains unimpaired until it is surrendered to the trial court. *Commonwealth v. Hudson,* 489 Pa. 620, 414 A.2d 1381 (1980).

None of the aforementioned is in derogation of the right of the defendant to prepare a defense by accessing and testing evidence in the custody and control of the Commonwealth. Such may be allowed even when the evidence may be used up, modified or destroyed. In a recent homicide case, a DNA lab advised this court that a limited, dated and degraded DNA sample would in all likelihood be used up/destroyed in their attempt to analyze same. Given the forgoing, and the dispute between the defendant and the Commonwealth about such, as well as who should do the testing, the court selected the lab. We also had the defendant acknowledge and waive on the record that, despite the lab's best attempts, the so limited sample could be used up or destroyed or reveal inconclusive results.

Finally, we address defendant's subpoena and the motion to quash as to the request of the Commissioner of the Pennsylvania State Police for the state police operations manuals. Again, at the hearing, defendant laid no foundation as to the materiality, reasonableness or justiciability of such. The defendant asserted as the sole right to such, Article I Section 9 of the Pennsylvania Constitution, which gives the defendant the right to compulsory process. The relevant section of Article I Sec-

tion 9 of the Pennsylvania Constitution provides for the rights of accused criminal prosecution "to have compulsory process for obtaining witnesses in *his favor.*" (emphasis added) Subpoenas are not to be used to compel production of documents merely for inspection or for a fishing expedition. See *Commonwealth v. Cook,* 865 A.2d 869 (Pa. Super. 2004) and *Commonwealth v. McEnany,* 446 Pa. Super. 609, 620, 667 A.2d 1143, 1149 (1995). Again, without a foundation, such a request has no merit to it whatsoever.

In consideration of the foregoing, we enter the following:

## ORDER

And now, October 12, 2005, it is hereby ordered and directed that defendant's motion to forward the items set forth in paragraph one to R.J. Lee Group, Monroeville for examination is denied. It is further ordered that defendant's subpoenaed request for the operations manuals set forth in the attachment is denied. Finally, defendant's request that certain cartridges that he wishes to break down be turned over to firearm and stock mark examiner Frederick Wentling is hereby denied.

---

## ATTACHMENT A

(1) All PSP (Pennsylvania State Police) press releases regarding *Commonwealth v. Dustin F. Briggs* (no. 04CR000348).

(2) All PSP reports on one Jacob White.

(3) All PSP prior records reports (handwritten and/or typed) on:

(a) Arlan F. Briggs

(b) Mark Briggs

(c) Daniel Peters

(d) Alden Briggs

(e) Albert Briggs

(4) All recorded statements of the following individuals:

(a) Dustin F. Briggs

(b) Arlan F. Briggs

(c) Mark Briggs

(d) Alden Briggs

(e) Albert Briggs

(f) Daniel Peters

(5) PSP Operations Manual 7-7.

(6) PSP Operations Manual 7-2 re: field reporting.