J-S73027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT RAYMOND PITT | : | |
| | : | |
| Appellant | : | No. 837 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 9, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001102-2017

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:          **FILED: FEBRUARY 4, 2020**

Robert Raymond Pitt appeals from the judgment of sentence, entered in the Court of Common Pleas of Lancaster County, after entering an open guilty plea to one count each of rape,[1] aggravated indecent sexual assault,[2] indecent assault,[3] and robbery,[4] and two counts of involuntary deviate sexual intercourse.[5]  On appeal, Pitt challenges the discretionary aspects of his sentence.  After careful review, we affirm.

_____

[1] 18 Pa.C.S.A. § 3121(a)(1).

[2] 18 Pa.C.S.A. § 3125(a)(1).

[3] 18 Pa.C.S.A. § 3126(a)(1).

[4] 18 Pa.C.S.A. § 3701(a)(1)(v).

[5] 18 Pa.C.S.A. § 3123(a)(1).

On August 10, 2014, Pitt saw a woman standing alone on her front porch at 460 South Duke Street in Lancaster, Pennsylvania. He approached her, struck her across the face, stole her phone, restrained her, and raped her orally, vaginally, and anally. At the time of the offense, Pitt was 17 years old. He was initially charged in juvenile court, but following a certification hearing and an in-court colloquy, his case was transferred to the court of common pleas.

On August 17, 2017, Pitt entered an open guilty plea to all charges. The Honorable Jeffrey D. Wright sentenced Pitt to an aggregate 11 to 30 years' incarceration. Following sentencing, Roger Renteria, Esquire, filed a post-sentence motion objecting to the sentence on the basis of Pitt's age, which the court denied. Attorney Renteria failed to file an appeal. On April 23, 2018, Pitt filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, alleging trial counsel was ineffective for failing to pursue a direct appeal. Judge Wright appointed counsel, who filed an amended petition on June 25, 2018. After a hearing, the court granted Pitt's petition and reinstated his right to appeal the discretionary aspects of his sentence *nunc pro tunc*. Pitt timely appealed. Both Pitt and the court complied with Pa.R.A.P. 1925.

Pitt raises the following claim on appeal:

> Did the trial court err in imposing a manifestly unreasonable sentence that was an abuse of discretion and clearly unreasonable when the [sentencing] [c]ourt's aggregate sentence . . . of eleven . . . to thirty . . . years['] incarceration in a state correctional institute for [Pitt] who was a juvenile of age seventeen . . . at the

- 2 -

time of the offenses and twenty-one . . . years old at sentencing, was a manifestly unreasonable decision as the [c]ourt did not consider the rehabilitative or individualized needs . . . of the [d]efendant under 42 Pa.C.S.A. [§] 9721(b), and the aggregate sentence was manifestly excessive. The [sentencing] [c]ourt failed to consider [Pitt's] remorse at sentencing and willingness to be accountable for his actions[, Pitt's] achievement of a high school diploma, his mental heath, that [Pitt] was under the influence of a controlled substance at the time of the offenses, his amenability to treatment, his prior record for convictions, and lack of a history of violence.

Brief of Appellant, at 6.

Pitt's claim implicates the discretionary aspects of his sentence. Such a claim does not entitle an appellant to review as a matter of right. **Commonwealth v. Swope**, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.** (quotation omitted).

Here, Pitt filed a post-sentence motion to reconsider sentence, followed by a timely notice of appeal to this Court. He has also included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f).

Accordingly, we must now determine whether he has raised a substantial question under the Sentencing Code.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his Rule 2119(f) statement, Pitt argues the trial court failed to account for his rehabilitative needs at sentencing, which he supports by presenting an extended quotation from the sentencing hearing, which indicates, *inter alia*, the court "considered the presentence report in detail[.]" Brief of Appellant, at 7–8 (quoting N.T. Sentencing, 11/9/17, at 11–12); ***see also id.*** (arguing court's referencing Pitt's age at sentencing and Pitt graduating high school after committing above-referenced crimes were "misstatements [which] underscore[] the absence of consideration given to [Pitt's] rehabilitative needs[.]").

We have previously stated, "[w]here the sentencing court had the benefit of a presentence investigation report [(PSI)], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory

factors." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (quotation omitted). In the presence of a PSI, "an appeal based on the argument that the sentencing court failed to give sufficient weight to certain mitigating factors does not raise a substantial question." ***Commonwealth v. Jones***, 637 A.2d 1001, 1006 (Pa. Super. 1994).

Instantly, in light of the fact that the sentencing court reviewed Pitt's PSI—a fact highlighted by the quotation contained in Pitt's own Rule 2119(f) statement—we find Pitt has failed to raise a substantial question. ***See id.***; ***see also*** Brief of Appellant, at 7–9. Consequently, we do not reach the merits of his claim. ***See Jones***, ***supra*** at 1006.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/04/2020