J-S73039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                           :               PENNSYLVANIA
                           :
           v.                   :
                           :
                           :
PETIE P. DAVIS,                   :
                           :
          Appellant      :        No. 724 MDA 2019

Appeal from the PCRA Order Entered April 16, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0002199-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:         **FILED FEBRUARY 26, 2020**

Petie P. Davis ("Davis") appeals, *pro se*, from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously set forth the relevant facts as follows:

> On January 7, 2016, Officer Nicolas Licata [("Officer Licata")] contacted a Confidential Informant ("CI") to utilize in a controlled[-]buy operation.  Officer Licata instructed the CI to call a drug dealer and order a "brick" of heroin.  Once the telephone call was placed, Officer Licata marked $200 in Dauphin County drug funds and gave it to the CI.  Officer Licata searched the CI and his vehicle for contraband, and, finding nothing, proceeded to follow the CI in an unmarked police vehicle to a location where a black male stood outside.
>
> Officer Licata, and a second officer, Officer Dennis Simmons [("Officer Simmons")], observed the black male enter the CI's vehicle and emerge from the vehicle a short time later.  The CI proceeded to a predetermined location where Officer Licata performed another search.  Officer Licata did not find the pre-marked buy money on the CI[,] but did find a brick of heroin.

Simultaneously, the police arrested the male [who had met with the CI], later identified as [Davis].

During a search of [Davis], police found the pre-marked drug fund money[,] as well as a cell phone matching the number dialed by the CI in the presence of Officer Licata. Upon recovering the pre-marked bills, Officer Licata returned them to the drug fund to use in further investigations.

[Davis] was charged with delivery of a controlled substance and criminal use of a communication facility. During pre-trial proceedings, [Davis] moved to dismiss his case due to the police's failure to preserve the marked money used in the transaction and to reveal the identity of the CI. At the hearing on the [M]otions, [Davis] failed to present any evidence. However, the Commonwealth presented the testimony of Officer Licata[,] who described the danger involved in revealing the CI's identity. The trial court denied both [M]otions.

[Davis's] case proceeded to a jury trial. Prior to the commencement of trial, [Davis] argued [that] the trial court should exclude any testimony related to the recovery of the pre-marked buy money as a violation of the best evidence rule. The trial court denied the [M]otion and allowed the Commonwealth's witnesses to testify about their use and recovery of the pre-marked buy money. [Davis] did not present any evidence but cross-examined all of the Commonwealth's witnesses. During [Officer Licata's testimony, Davis] attempted to question [Officer Licata] about the credibility of a supervisor. The Commonwealth objected to this line of questioning, and this objection was seemingly sustained by the trial court. Following deliberations, the jury convicted [Davis] of both charges.

*Commonwealth v. Davis*, 181 A.3d 1235 (Pa. Super. 2017) (unpublished memorandum at 1). This Court affirmed the judgment of sentence. *Id.* Davis did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On July 12, 2018, Davis, *pro se*, filed the instant timely PCRA Petition. The PCRA court appointed Davis counsel. Upon the filing of a *pro se* "Motion

- 2 -

to Withdraw Counsel" by Davis, and following a **Grazier**[1] hearing where the PCRA court determined that Davis's waiver of counsel was knowing, intelligent and voluntary, the PCRA court permitted Davis to proceed *pro se*. Davis subsequently filed a "Motion for Discovery," requesting the production of "Dauphin County Police Department policies relating to the use of funds by the 'Vice' unit…." The PCRA court denied the Motion.

After filing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA court dismissed Davis's Petition without a hearing. Davis filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Davis presents the following questions for our review:

1. Whether trial counsel was ineffective for:

> (a) failing to object to the expert opinion of a detective;
>
> (b) failing to investigate the law regarding a "missing witness" adverse inference jury instruction;
>
> (c) failing to present evidence in support of the [M]otion to [D]ismiss for failure to preserve material evidence; and
>
> (d) failing to present evidence in support of the [M]otion to [C]ompel production of confidential informants?

2. Whether appellate counsel was ineffective for failing to ensure that the certified record was complete for review of the claims raised on direct appeal?

3. Whether the trial court erred in limiting the cross-examination of Detective Licata, in violation of the right of cross-examination and the right to present a complete defense?

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

4. Whether the PCRA [c]ourt abused its discretion in denying [Davis's] Motion for Discovery?

5. Whether the PCRA [c]ourt abused its discretion in denying [Davis's] Motion for an Evidentiary Hearing?

Brief for Appellant at 3.

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." ***Commonwealth v. Weimer***, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.*** (citation omitted). Further, "a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." ***Commonwealth v. Brown***, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted). "[A]s to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." ***Commonwealth v. Baumhammers***, 92 A.3d 708, 726-27 (Pa. 2014).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the

underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [the a]ppellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa. Super. 2014). "A PCRA petitioner must address each of these prongs on appeal." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018).

In his first claim, Davis alleges that his trial counsel was ineffective in failing to object to certain trial testimony given by Officer Simmons. ***See*** Brief for Appellant at 9-16. According to Davis, Officer Simmons gave expert witness testimony, even though the Commonwealth solely offered him as a fact witness. ***Id.*** at 9-10. Specifically, Davis directs our attention to Officer Simmons's testimony that, based on his experience as a police officer, he believed that a drug deal had occurred in the CI's vehicle. ***Id.*** Davis points out that his trial counsel failed to object to this testimony, and request a cautionary instruction to the jury. ***Id.*** Davis argues that the expert testimony was highly prejudicial because it "related directly to the ultimate issue at trial," *i.e.*, whether Davis had sold heroin to the CI while inside of the CI's vehicle. ***Id.*** at 10.

> Pennsylvania Rule of Evidence 701 states that
>
> [i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701.

Here, Officer Licata testified that he had provided the CI with $200 in marked U.S. currency and told him to call a drug dealer and order a brick of heroin. *See* N.T., 11/3-4/16, at 22-23, 25. Officer Licata stated that the CI called a purported drug dealer, and made an agreement to meet on Cameron Street to buy a brick of heroin. *Id.* at 23-24, 26. The CI then drove his vehicle to Cameron Street, followed by Officer Licata in an unmarked vehicle. *Id.* at 26-28.

Officer Simmons testified that he was on Cameron Street when the CI arrived. *Id.* at 96-97. Officer Simmons witnessed Davis enter the CI's vehicle and remain there for a few seconds, then exit the vehicle and enter the passenger seat of a red Hyundai. *Id.* Officer Simmons stated that he and other officers then surrounded the Hyundai, removed Davis from the passenger seat, and arrested him. *Id.* at 97-98. After removing Davis from the vehicle, Officer Simmons discovered U.S. currency on the passenger seat where Davis had been sitting. *Id.* at 99-100. Officer Simmons also discovered two cell phones on Davis's person. *Id.* at 100. Officer Licata testified that he identified the U.S. currency as the same marked currency that he had given the CI for the controlled buy. *Id.* at 34.

While Officer Simmons was arresting Davis, Officer Licata met with the CI, searched him, and found a brick of heroin on his person. *Id.* at 30. Officer Licata subsequently dialed the phone number for the dealer that the CI had given to him, and one of the cell phones that Davis had on his person rang and displayed the officer's phone number. *Id.* at 34. On cross-examination,

Officer Simmons testified, "[b]ased on the actions of Detective Licata before this investigation and my observations, I've observed multiple drug deals and this is usually how they actually happen." *Id.* at 102.

In light of the foregoing testimony, the record reflects that there was overwhelming evidence for the jury to conclude that Davis was guilty of delivery of a controlled substance and criminal use of a communication facility. Therefore, even if Officer Simmons had improperly provided expert witness testimony, Davis was not prejudiced by his trial counsel's failure to object to the testimony. *See Charleston*, *supra*. Accordingly, Davis's trial counsel did not provide ineffective assistance on these grounds, and Davis's first claim fails.

In his second claim, Davis alleges that his trial counsel was ineffective in failing to "investigate the law" regarding the "missing witness" instruction. *See* Brief for Appellant at 16-19. Davis alleges that his trial counsel requested that the trial court give the "missing witness" jury instruction, but was denied, based on a failure to provide legal support for issuance of the instruction. *Id.* at 16-17. Davis points to his trial counsel's admission that she was unaware of any legal authority stating that the charge should be given in Davis's particular circumstances, and that she "didn't do a significant amount of research on that particular issue." *Id.* at 17; *see also* N.T., 11/3-4/16, at 74. Davis argues that his trial counsel lacked a reasonable basis for failing to conduct the proper research, and that he was prejudiced by trial counsel's failure to effectively advocate on his behalf. *See* Brief for Appellant at 17-19.

"A negative inference may be drawn from the failure of a party to call a particular witness who was in that party's control. However, an inference may not be drawn where there exists a satisfactory explanation as to why the party failed to call such witness." **Commonwealth v. Jones**, 637 A.2d 1001, 1005 (Pa. Super. 1994). The Commonwealth's genuine concern for a CI's safety can form a satisfactory explanation for its failure to call a CI as a witness. **Id.**

Here, the Commonwealth did not call the CI as a witness, and the trial court denied Davis's pre-trial Motion to disclose the CI's identity. **See** Order, 9/19/16. However, the trial court found that the Commonwealth's concern that disclosing the CI's identity could compromise the CI's safety was a satisfactory explanation to excuse his testimony at trial. **See** Trial Court Opinion, 3/7/17, at 7-8; N.T., 9/9/16, at 4-6. Therefore, grounds for the missing witness jury instruction were not established. **See Jones**, **supra**. Accordingly, Davis's underlying claim lacks merit, and his second claim fails.

We will consider Davis's third, fourth and fifth claims together, as they are related. In his third and fourth claims, Davis alleges that his trial counsel was ineffective in failing to "present evidence in support" of his "Motion to Dismiss for Intentional Failure to Preserve Material Evidence," and "Motion to Compel Production of Confidential Informants." **See** Brief for Appellant at 19-23. Davis argues that production of the marked buy money and the CI's identity would have benefitted his case. **Id.**

In his fifth claim, Davis claims that his direct appeal counsel was ineffective in failing to ensure that the certified record on appeal was complete

by having the record supplemented pursuant to Pa.R.A.P. 1926. *See* Brief for Appellant at 23-25. Davis states that, at trial, the Commonwealth objected to his question regarding the identity of Officer Licata's supervisor, which was purportedly sustained at sidebar, off the record. *Id.* at 24. Davis points out that this Court, on direct appeal, waived his claim regarding the trial court's ruling on this objection, because the record did not include the trial court's ruling. *Id.* at 25.

Here, Davis fails to develop the prejudice prong of the ineffectiveness test on all three claims. Davis makes bald assertions that he suffered prejudice as a result of counsel's actions, without citing to any relevant authority or presenting any legal argument in support of his claims. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). It is not the role of this Court to "formulate [an a]ppellant's arguments for him." *Id.* at 925; *see also Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011) (noting that boilerplate allegations and bald assertions cannot satisfy a petitioner's burden to prove ineffective assistance of counsel). Because Davis failed to properly

develop these claims for our review, they are waived.[2]

In his sixth claim, Davis alleges that the trial court violated his constitutional right to confrontation by limiting his cross-examination of Officer Licata. **See** Brief for Appellant at 26-28. Davis claims that Officer Licata's supervisor had been charged with "stealing from the funds of the Vice Unit," which information was relevant to Davis's defense. **Id.** at 26. Davis argues that the supervisor's alleged misappropriation of funds was relevant to prove that "a drug transaction never occurred, that the CI was not properly searched [and] was not reliable, and that the investigation was not credible or reliable." **Id.**

> As this Court has explained, the Sixth Amendment of the United States Constitution provides that, [i]n all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. This protection has been incorporated into the Fourteenth Amendment and thus is applicable in state court prosecutions.
>
> In the context of cross-examining a testifying witness, this Court has explained that a defendant's right to confrontation means more than being allowed to confront the witness physically. Indeed, the main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination. Of particular relevance here, the Supreme Court of the United States has recognized that the exposure of a witness'[s] motivation in

_____

[2] Even if Davis had preserved these claims, and even if Davis had satisfied the first two prongs of the ineffectiveness test, we would have found that Davis suffered no prejudice as a result of these alleged failures. As we discussed in response to Davis's first claim, there was overwhelming evidence in support of his convictions, and no evidence to support Davis's allegations that production of the CI's identity, the marked buy money, or the identity of Officer Simmons's supervisor would have changed the outcome of Davis's trial. **See Charleston**, **supra**.

testifying is a proper and important function of the constitutionally protected right of cross-examination. It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, **trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, and prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.** The Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.

*Commonwealth v. Akrie*, 159 A.3d 982, 988 (Pa. Super. 2017) (citations, quotation marks, ellipses and brackets omitted; emphasis added). "The pertinent case law permits a police witness to be cross-examined about misconduct as long as the wrongdoing is in some way related to the defendant's underlying criminal charges and establishes a motive to fabricate." *Commonwealth v. Bozyk*, 987 A.2d 753, 757 (Pa. Super. 2009). "However, if the prior police behavior is unrelated to the present matter and irrelevant, the trial court is permitted to restrict questioning on the prior incident." *Id.*

Here, Davis has not alleged that Officer Licata's supervisor had any role in Davis's apprehension or prosecution. Additionally, Officer Licata's supervisor did not provide any testimony at Davis's trial. The trial court appropriately exercised its discretion in limiting Davis's questioning of Officer Licata regarding the alleged actions of Officer Licata's supervisor in an

unrelated matter. ***See Akrie***, ***supra***; ***Bozyk***, ***supra***. Accordingly, Davis was not denied his right to confrontation, and this claim fails.

In his seventh claim, Davis alleges that the PCRA court abused its discretion in denying his Motion for discovery. ***See*** Brief for Appellant at 29. Davis states that he intended to seek production of the Harrisburg Bureau of Police's policies regarding (1) the use of marked money, and (2) the use of confidential informants. ***Id.*** Davis claims that production of these policies would have supported his ineffectiveness claims for his counsel's alleged failure to present evidence in support of his Motion to Dismiss and Motion to Compel. ***Id.***

Pennsylvania Rule of Criminal Procedure 902(E)(1) states that "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1).

> Neither the PCRA nor the Pennsylvania Rules of Criminal Procedure define the term "exceptional circumstances." This Court, however, has held that the trial court, in its discretion[,] determines whether a case is exceptional and warrants discovery. Thus, we will not disturb a court's determination regarding the existence of exceptional circumstances unless the court abused its discretion.

***Commonwealth v. Watley***, 153 A.3d 1034, 1048 (Pa. Super. 2016) (citations, brackets, and some quotation marks omitted).

Here, Davis baldly alleges that these policies would have supported his claims of ineffectiveness, but does not indicate how disclosure of these policies would have supported these claims. ***See Watley***, ***supra***. Moreover, as

discussed *supra*, Davis's convictions were supported by overwhelming evidence, and there is no evidence to suggest that production of these policies would have supported his case at trial. ***See Watley***, ***supra***. As Davis suffered no prejudice, this claim fails.

In his eighth claim, Davis alleges that the PCRA court erred in denying his Motion for an evidentiary hearing. ***See*** Brief for Appellant at 30.

Because the record reflects that Davis's arguments lack arguable merit, and he failed to establish that he suffered actual prejudice, we conclude that the PCRA court did not abuse its discretion in dismissing Davis's Petition without a hearing. ***See Brown***, ***supra***; ***Baumhammers***, ***supra***.

Based on the foregoing, we affirm the PCRA court's Order.

Order affirmed.

Judge Shogan joins the memorandum.

Judge Lazarus concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2020